BOYER, Chief Judge.
Three cases, all of them involving juveniles, have been consolidated for purposes of appeal. The issue in all three cases is identical, to wit: Whether the judge of the juvenile division of the circuit court committed error in imposing a “mandatory” three year minimum term of commitment pursuant to F.S. 775.087.
*11 Two of the cases involve the same factual situation. In all three cases, appellants were adjudicated guilty upon multiple charges to which they entered pleas of nolo contendere. One of the charges for which each appellant was found guilty entailed the presence of a firearm. On that charge, the trial judge, feeling that he was bound by the provisions of F.S. 775.087, committed each appellant to the Division of Youth Services for a period of not less than three years.[1] Since none of the appellants specifically reserved the right to appeal the legality of the three year terms of commitment at the time of the entry of the pleas of nolo contendere and orders of commitment, this Court must resolve the issues on a jurisdictional basis.[2]
F.S. 39.11(4) provides that “any commitment to the Division of Youth Services shall be for an indeterminate period of time * * * ” Therefore, any order of commitment which places a juvenile with the Division of Youth Services for a term other than an indeterminate period of time is beyond the scope of the court’s jurisdiction.
We are also of the view that F.S. 775.087(2) is inapplicable to juvenile proceedings. The provisions of that statute apply only to persons convicted of any one of certain specified crimes. A juvenile who is adjudicated a delinquent child cannot be considered to have been convicted of a crime. F.S. 39.10(5). Thus, the essential prerequisite of F.S. 775.087(2) (i. e. conviction) cannot possibly be met by a juvenile who has been adjudicated to be delinquent. This holding is, of course, applicable solely to juveniles and juvenile proceedings.
Accordingly, these consolidated cases are reversed and remanded to the judge of the juvenile division of the circuit court for resentencing.
Reversed and remanded with directions.
RAWLS and McCORD, JJ., concur.

. F.S. 775.087(2) provides in pertinent part: “Any person who is convicted of any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes, and who had in his possession a ‘firearm,’ as defined in subsection 790.001(6), or ‘destructive device,’ as defined in subsection 790.001(4), shall be sentenced to a minimum term of imprisonment of three years.”

. See Hand v. State, Sup.Ct.Fla.1976, 334 So.2d 601.