PER CURIAM.
We withdraw our opinion of May 28,1982 and substitute the following in its stead:
Appellant, Robert Edward Glanton, was found guilty of attempted burglary of a structure and attempted grand theft. The trial court withheld adjudication of guilt and placed him on four years probation with credit for time served.
On appeal, appellant argues that his sentence is improper because it is a general sentence for two separate offenses. Dorfman v. State, 351 So.2d 954 (Fla.1977); Pearson v. State, 371 So.2d 569 (Fla. 4th DCA 1979). As does the state, so do we agree with appellant’s argument.
But subsequent to our prior opinion, this court has receded from an opinion holding that a conviction for the nonexistent crime of “attempted grand theft” could be valid. Jordan v. State, 416 So.2d 1161 (Fla. 2d DCA June 11, 1982). It is now clear that conviction for such a nonexistent crime is a nullity. Achin v. State, - So.2d -, Case No. 59,840 (Fla. Jan. 21, 1982).
Although this point was not raised below or argued on appeal, we think it only fair to apprise the trial court on remand that it may sentence appellant solely on a conviction of attempted burglary of a structure.
REVERSED and REMANDED.
GRIMES, A. C. J., and RYDER and DANAHY, JJ., concur.