CAMPBELL, Judge.
Appellant pleaded nolo contendere to three separate crimes: resisting an officer with violence, battery of a law enforcement officer, and false report to a law enforcement officer. The court imposed a general probation period of two years for all three offenses.
In Dorfman v. State, 351 So.2d 954 (Fla.1977), the Florida Supreme Court held that a single general sentence may not be imposed for two or more crimes. We, along with all but one of our sister courts, have extended the Dorfman rationale to prohibit general terms of probation for two or more offenses. Glanton v. State, 415 So.2d 909 (Fla. 2d DCA 1982); Jacques v. State, 414 So.2d 598 (Fla. 1st DCA 1982); Price v. State, 393 So.2d 69 (Fla. 5th DCA 1981); and Pearson v. State, 371 So.2d 569 (Fla. 4th DCA 1979).
Hence, we hold the trial court erred in imposing a general probation term on the offenses. Appellant is entitled to a set term of probation on each conviction. That way there can be no question as to appellant’s status at any given point in time.
Accordingly, the cause is remanded to the trial court with directions to enter separate *826 probation orders for each offense committed by appellant.
GRIMES, A.C.J., and LEHAN, J., concur.