**STATE of Minnesota, Plaintiff,**

v.

**Rodney Russell LEONARD, Defendant.**

**No. C8–83–438.**

Supreme Court of Minnesota.

July 15, 1983.

Hubert H. Humphrey III, Atty. Gen., Norman B. Coleman, Jr., and Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for plaintiff.

C. Paul Jones, Public Defender, and Ann Remington, Asst. Public Defender, Minneapolis, for defendant.

TODD, Justice.

The district court has certified, pursuant to Minn.R.Crim.P. 29.02, subd. 4, the issue of whether a prior adjudication of a juvenile as a major traffic offender on the basis of a violation of Minn.Stat. § 169.121 (1982) constitutes a "conviction" within the meaning of Minn.Stat. § 169.121, subd. 3 (1982). We hold that it does not and affirm the order of the district court.

Minn.Stat. § 169.121, subd. 3 (1982) converts a misdemeanor DWI offense into a gross misdemeanor DWI offense in certain cases, including when the current violation was within 5 years of a "prior conviction" under section 169.121 or an ordinance in conformity with it.

The prosecution of defendant under section 169.121, subd. 3, is based on conduct occurring on September 27, 1982, and on a prior juvenile adjudication as a major traffic offender, dated April 10, 1980, that arose from a violation of section 169.121 on January 26, 1980.

Minn.Stat. § 260.193 (1982) provides that minor traffic offenses by juveniles should not be dealt with in the juvenile court, whereas "major traffic offenses" (which include DWI) must be dealt with in the juvenile court unless the juvenile court certifies the juvenile for prosecution as an adult. Section 260.193, subd. 8, sets forth the available dispositions when a juvenile is adjudicated a major traffic offender. These include recommendation to the Department of Public Safety of the suspension of a juvenile's driver's license.

Minn.Stat. § 260.211 (1982) provides:

Subdivision 1. No adjudication upon the status of any child in the jurisdiction of the juvenile court shall operate to impose any of the civil disabilities imposed by conviction, nor shall any child be deemed a criminal by reason of this adjudication, *nor shall this adjudication be deemed a conviction of crime.* The disposition of the child or any evidence given by the child in the juvenile court shall not be admissible as evidence against him in any case or proceeding in any other court, except that an adjudication may later be used to determine a proper sentence, nor shall the disposition or evidence disqualify him in any future civil service examination, appointment, or application.

Subd. 2. Nothing contained in this section shall be construed to relate to subsequent proceedings in juvenile court, nor shall preclude the juvenile court, under circumstances other than those specifically prohibited in subdivision 1, from disclosing information to qualified persons if the court considers such disclosure to be in the best interests of the child or of the administration of justice. (emphasis added)

Based on section 260.211, we hold that a prior juvenile adjudication as a "major traffic offender" on the basis of a violation of section 169.121 does not constitute a prior "conviction" within the meaning of section 169.121, subd. 3. Because of our holding, we do not decide the other issue certified by the district court.

Affirmed.