PER CURIAM.
We affirm the defendant’s adjudication of delinquency for committing an act of criminal mischief. Contrary to defendant’s arguments, there was sufficient evidence to justify the trial court’s denial of defendant’s motion for acquittal. However, we reverse and remand for correction of his sentence.
The trial court sentenced defendant to “indefinite community control.” Section 39.11(l)(a) 1, Florida Statutes (1983), provides that when the court imposes community control as a sanction for an adjudication of delinquency
the duration of such supervision or program shall not be longer than the sentence that could be imposed if the child were committed for the offense.
Section 39.11(3), Florida Statutes (1983), states that
[a]ny commitment of a delinquent child ... shall be for an indeterminate period of time, but the time shall not exceed the maximum term of imprisonment which an adult may serve for the same offense.
The maximum term of imprisonment for the offense involved here is 60 days. § 775.082(3)(b), Fla.Stat. (1983). Therefore, on remand the trial court should correct the sentence to an indeterminate period of time not to exceed 60 days.
The state argues that the statutory scheme of section 39.11(3) is consistent with the general rule applied in adult proceedings that a defendant may not be placed on probation for a period of time exceeding the possible maximum period of incarceration. State v. Holmes, 360 So.2d 380 (Fla.1978). The state points out that even though the general rule is as stated above, under section 948.04, Florida Statutes (1983), an adult may be placed on probation for six months for a second degree misdemeanor. The criminal mischief offense involved in this case is a second degree misdemeanor. § 806.13(l)(b), Fla. Stat. (1983). The state argues, therefore, that we should direct the trial court to correct the length of community control to an indeterminate period of time not to exceed six months. The basis of the state’s argument is that if the legislature created an exception regarding probationary terms for second degree misdemeanors by adults, the legislature must not have intended to limit a community control program for second degree juvenile misdemeanants to only 60 days. Such a short period of time, the state contends, would not be long enough to accomplish even minimal rehabilitation. We disagree. The foregoing exception to adult probationary periods is statutory. If the legislature had intended that type of exception to apply to juveniles, we presume the legislature would have enacted a statute to that effect.
Reversed and remanded for proceedings consistent herewith.
RYDER, C.J., and OTT and LEHAN, JJ., concur.