FRANK, Judge.
In this case the appellant, a juvenile, was charged by petition with throwing a missile at an occupied vehicle in violation of Section 790.19, Florida Statutes (1983), and aggravated assault with a motor vehicle in violation of Section 784.021, Florida Statutes (1983). The appellant pleaded guilty to throwing a missile into an occupied vehi- *622 ele and was tried on the aggravated assault charge. After trial the court withheld adjudication on both charges and ordered the appellant to enter and successfully complete the juvenile alternative services program, pay restitution, to attend an adult sentencing hearing and to write an essay.
The appellant offers three arguments in support of reversal of the trial court, the first of which concentrates on the circumstantial evidence presented at trial which the appellant contends was insufficient to establish his intent, an essential element of the charged crime. The appellant’s assertion is meritless, therefore we affirm the lower court’s order in this respect.
The remaining arguments raised on appeal relate to other portions of the lower court’s order. That order provides:
That a trial was held and said child was found guilty of the charge of aggravated assault as alleged in Petition 84-0077. That the said child freely, voluntarily and intelligently entered a plea of guilty to the allegations as specified in Petition 84-0076, throw missile into occupied vehicle, which plea the court accepted at the hearing held on February 27, 1984.
That disposition will be made at this time.
It is therefore ORDERED that adjudication shall be withheld provided said child shall enter and successfully complete the Juvenile Alternative Services Program. It is further ORDERED that said child shall pay appropriate restitution thru the Court. The amount of restitution and to whom it shall be paid shall be furnished to the Clerk’s office by the counselor. It is further ORDERED that said child shall attend an adult sentencing and write an essay on felony crime as instructed by counselor.
The trial court imposed a general term of probation upon the appellant for both the aggravated assault charge and the charge of throwing a missile into an occupied vehicle. We agree with the appellant that his sentence is improper because it flows from a single, general order of probation but for two separate crimes. Ward v. State, 429 So.2d 825 (Fla. 2d DCA 1983); Glanton v. State, 415 So.2d 909 (Fla. 2d DCA 1982)
We also agree with the appellant that it was reversible error for the lower court to order that the amount and manner of restitution be determined by the appellant’s counselor. In T.W. v. State, 395 So.2d 598 (Fla. 3d DCA 1981), our sister court held it was reversible error for the trial court to delegate a judicial duty to a juvenile’s counselor i.e. determining the amount and manner of restitution. This court also recognized that principle in Fletcher v. State, 405 So.2d 748 (Fla. 2d DCA 1981), in which we held it was reversible error for the trial court to delegate a judicial responsibility to a probation supervisor. Consequently, that portion of the lower court’s order must be reversed. The State, in its brief, concedes that the appellant’s attack upon the abdication of a judicial function is not without merit, but it asserts there was no objection at trial to the court’s delegation. Our review of the record reveals there was no opportunity at trial to object to the court’s lack of specificity in imposing its sentence as to the quantum and fashion pursuant to which restitution would be accomplished. The first indication of the improper delegation is found in the court’s order set forth above. The application of State v. Rhoden, 448 So.2d 1013 (Fla.1984), confirms the appellant’s right to appeal.
Accordingly, we reverse and remand this cause to the trial court with instruction to enter separate probation orders for each offense and to conduct an evidentiary hearing to determine the amount and method for the payment of restitution.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and LEHAN, J., concur.