BARKETT, Judge.
We affirm the trial court’s adjudication of delinquency. We vacate appellants’ sentences, and remand for sentencing in accordance with the requirements of the Florida Juvenile Justice Act, chapter 39, Florida Statutes (1983).
Each appellant was adjudicated delinquent for trespassing in violation oiysection 810.08, Florida Statutes (1983). Each appellant received a sentence committing him to the Department of Health and Rehabilitative Services (“HRS”) for “an indeterminate period of time not to exceed his 19th birthday.” These sentences were suspended “on a day to day basis” pending appropriate behavior by appellants.
The indeterminate duration of the sentences was not error; section 39.11(3), Florida Statutes (1983), requires that commitments to HRS be for an indeterminate period of time. That section also provides, however, that a juvenile’s term of commitment “shall not exceed the maximum term of imprisonment which an adult may serve for the same offense.” § 39.11(3), Fla. Stat. (1983).
*1018 The maximum sentence an adult could have received for committing the offense at issue here is sixty days. See § 810.08(2)(a), Fla.Stat. (1983); § 775.-082(4)(b), Fla.Stat. (1983). See also Napier v. State, 468 So.2d 446 (Fla. 1st DCA 1985). Because appellants’ sentences have the impermissible effect of authorizing HRS to extend commitment beyond sixty days, the sentences are invalid. See J.D.B. v. State, 463 So.2d 486 (Fla. 2d DCA 1985); G.W.M. v. State, 391 So.2d 738 (Fla. 4th DCA 1980).
Contrary to the State’s assertions, it is irrelevant that appellants’ sentences were conditionally suspended. Appellants remain in genuine danger of having to serve illegal sentences. Consequently, the error is prejudicial and requires correction. See, e.g., In Interest of W.B., 428 So.2d 309, 311 n. 5 (Fla. 4th DCA 1983) (convict who is given suspended sentence that carries threat of future imprisonment may avail himself of federal habeas corpus procedure).
SENTENCE VACATED; CAUSE REMANDED.
HERSEY, C.J., and DELL, J., concur.