GRIMES, Acting Chief Judge.
Appellant, a juvenile, files this appeal from an order adjudicating him to be a delinquent.
The state attorney filed a petition charging appellant with petit theft and alleging a previous adjudication of petit theft, thereby seeking to enhance the charge to a first-degree misdemeanor. Appellant moved to reduce the charge to a second-degree misdemeanor. When the motion was denied, appellant pled nolo contendere, reserving the right to appeal this issue.
Petit theft only becomes a first-degree misdemeanor if it represents the “second conviction for petit theft.” § 812.-014(2)(c), Fla.Stat. (1985). Appellant argues that because of section 39.10(4), Florida Statutes (1985), his prior adjudication of delinquency predicated on petit theft does not constitute a “conviction” of petit theft.
Section 39.10(4) reads as follows:
Except for use in a subsequent proceeding under this chapter, an adjudication by a court that a child has committed a delinquent act shall not be deemed a conviction; nor shall the child be deemed to have been found guilty or to be a criminal by reason of that adjudication; nor shall that adjudication operate to impose upon the child any of the civil disabilities ordinarily imposed by or resulting from conviction or to disqualify or prejudice the child in any civil service application or appointment. However, an adjudication by the court that a juvenile has committed a delinquent act, including a violation of chapter 316 or chapter 322, shall constitute a “conviction” as that term is used in chapter 322.
Appellant argues by analogy from M.W.B. v. State, 335 So.2d 10 (Fla. 1st DCA 1976), which held that the three-year minimum mandatory sentence for a “conviction” of specified crimes while in possession of a firearm is inapplicable to juvenile proceedings, and Jackson v. State, 336 So.2d 633 (Fla. 4th DCA 1976), which held that a prior adjudication of delinquency does not constitute a “conviction” for purposes of impeachment. Notwithstanding, we find that the statute, itself, contemplated the very use of the prior adjudication employed in this case when it provided that an adjudication of delinquency shall not be deemed a conviction “except for use in a subsequent proceeding under this chapter.” Because appellant was previously adjudicated delinquent, the instant case constituted a subsequent proceeding under chapter 39. Our reasoning is substantiated by the fact that in order to except matters involving traffic offenses and drivers’ licenses, it was necessary for the legislature to specifically refer to chapters 316 and 322 because these are adult proceedings. Therefore, appellant’s prior adjudication of delinquency for petit theft is a “conviction” for the purpose of enhancement within the dictates of section 812.014(2)(c).
At the sentencing hearing, the court placed appellant on indefinite community control for a maximum of two years and suspended indefinite commitment. The written order of commitment placed appellant on community control for an indefinite period of time. The court cannot *1148 order community control for a period longer than the sentence which could have been imposed. § 39.11(l)(a)l, Fla.Stat. (1985); J.D.B. v. State, 463 So.2d 486 (Fla. 2d DCA 1985). The maximum term of imprisonment for the offense involved here is one year. § 775.082(4)(a), Fla.Stat. (1985).
Therefore, we remand the case for correction of the sentence to read that appellant shall be under community control for an indefinite period of time not to exceed one year. In all other respects, we affirm the adjudication of delinquency and the order of commitment.
SCHEB and SANDERLIN, JJ., concur.