HALL, Judge.
The appellant challenges the order committing him to the Department of Health and Rehabilitative Services and the order placing him on community control as those orders relate to his disposition for petit theft in case no. 87-6200. He contends that the orders are erroneous because they provide a general disposition for five sepa *868 rate offenses he was found to have committed. We agree.
A general sentence for several offenses is prohibited. J.J.S. v. State, 465 So.2d 621 (Fla. 2d DCA 1985). Furthermore, a child adjudicated delinquent may not be placed on community control for a term longer than the sentence that could be imposed if he were committed to the custody of HRS for the offense. § 39.11(1)(a)1., Fla.Stat. (Supp.1986); T.S.W. v. State, 489 So.2d 1146 (Fla. 2d DCA 1986). A child may be committed to HRS for an indeterminate period of time not to exceed the maximum term of imprisonment an adult may serve for the same offense. § 39.11(4), Fla.Stat. (Supp.1986), Id.
The petition filed against the appellant charged him with having committed second degree misdemeanor petit theft, § 812.014(2)(c), Fla.Stat. (Supp.1986). The maximum term of imprisonment for that offense is not to exceed sixty days. § 775.082(4)(b), Fla.Stat. (Supp.1986).
Accordingly, we remand this case with directions that the disposition in case no. 87-6200 be corrected to read that the appellant shall be under a term of community control not to exceed sixty days.
Remanded with directions consistent herewith.
SCHEB, A.C.J., and THREADGILL, J., concur.