556 So.2d 820 (1990)
M.G., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2153.
District Court of Appeal of Florida, Fifth District.
February 15, 1990.
James G. Gibson, Public Defender and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Judge.
The court found M.G., a juvenile, guilty of a simple assault[1] and placed M.G. on community control for 6 months. M.G. argues, and the State concedes, that the trial court erred in imposing a period of community control exceeding the sentence that could have been imposed had M.G. been committed for the offense. We agree.
The legislature has created a statutory distinction between juveniles and adults with regard to the maximum period of supervision allowed following conviction of a second degree misdemeanor. A sentence of supervised community control imposed on a juvenile may not exceed the time period that could have been imposed if the trial court had ordered a commitment in the same case. § 39.11(1)(a)1, Fla. Stat. (1987); H.B.E., III v. State, 484 So.2d 653 (Fla. 4th DCA 1986); J.D.B. v. State, 463 So.2d 486 (Fla. 2d DCA 1985). In contrast, there is no such limitation on the period of community control or probation that an adult may receive. An adult may be placed on probation for six months as sanctions for the commission of a second degree misdemeanor, even though the maximum incarcerative penalty is 60 days. § 948.04, Fla. Stat. (1987).
We agree with our sister courts of the Second and Fourth Districts that it is up to the legislature, if it wishes, to correct this inconsistency in the treatment of adult and juvenile offenders. Accordingly, we reverse and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] Simple assault is a second degree misdemeanor, carrying a maximum penalty of 60 days' imprisonment. § 775.082(4)(b), Fla. Stat. (1987).