COBB, Judge.
Following separate adjudicatory hearings, T.A.R., a thirteen year old juvenile, was adjudicated delinquent on two charges: attempted burglary of a dwelling and burglary of a dwelling. The court employed a single order of disposition. By this order, the court suspended commitment to HRS but then proceeded to place T.A.R. on a community control program under HRS supervision until his 19th birthday.. He was ordered to perform 100 hours of community service, to attend school with no unexcused absences, to abide by a curfew, to write letters of apology to the two victims, not to enter other people’s homes uninvited, and to write two essays of 500 words each (one essay on private property rights and the other describing his tour of the Orange County Jail). The order also directs T.A.R. to pay $50.00 to the crimes compensation trust fund.
On appeal, T.AR. first asserts that this written dispositional order deviates from the court’s oral pronouncement of disposition. The state concedes that in the oral pronouncement the trial court said nothing about placing T.A.R. on community control until his 19th birthday and ordered a 200 word essay on the juvenile’s impression of the county jail as opposed to a 500 word essay on the matter. Additionally, the oral pronouncement made no mention of the $50.00 cost.
These discrepancies between the oral and written dispositions require that the disposition order be vacated and the cause remanded for correction thereof. See Thomas v. State, 625 So.2d 962 (Fla. 5th DCA 1993); Wilkins v. State, 543 So.2d 800 (Fla. 5th DCA), rev. denied, 554 So.2d 1170 (Fla.1989); Marchand v. State, 546 So.2d 1184 (Fla. 5th DCA 1989). The conflicts require a factual resolution by the trial court to determine whether the error was verbal or clerical. See Wilkins; Marchand.
TA.R. next asserts that it was error for the court to employ a single dispositional form in sentencing for the two offenses.
In H.L.L. v. State, 595 So.2d 223 (Fla. 2d DCA 1992), the Second District held that a *223 juvenile convicted of two felony offenses and adjudicated delinquent could not receive a single sentence for the two offenses, explaining that, “A general sentence for separate offenses, such as he received, is prohibited.” 595 So.2d at 223. The court relied on C.P. v. State, 543 So.2d 867 (Fla. 2d DCA 1989), which in turn had relied on J.J.S. v. State, 465 So.2d 621 (Fla. 2d DCA 1985). The court in J.J.S. held that the sentence before it was improper because it flowed from a single, general order of probation for two separate crimes. The J.J.S. court cited to Ward v. State, 429 So.2d 825 (Fla. 2d DCA 1983) and Glanton v. State, 415 So.2d 909 (Fla. 2d DCA 1982), both of which were predicated on Dorfinan v. State, 351 So.2d 954 (Fla.1977), wherein the supreme court held that a single, general sentence may no longer be imposed for two or more crimes. Dorfman’s rationale has been employed to prohibit general terms of probation for two or more offenses. Ward; Price v. State, 393 So.2d 69 (Fla. 5th DCA 1981).
Sections 39.052(3) and 39.054, Florida Statutes, which deal with disposition of delinquents, are silent as to whether one order of disposition may be employed where multiple convictions form the basis for an adjudication of delinquency. Absent express statutory authorization for general sentences which were outlawed by Dorfinan, the juvenile court was required to enter a disposition order for each offense.
We vacate the disposition and remand for resentencing consistent with this opinion.
VACATE DISPOSITION AND REMAND FOR RESENTENCING.
HARRIS, C.J., and THOMPSON, J., concur.