529 N.W.2d 517 (1995)
In the Matter of the WELFARE OF S.A.C., a juvenile.
No. C9-94-2176.
Court of Appeals of Minnesota.
April 11, 1995.
Susan Gaertner, Ramsey County Atty., Mark J. Ponsolle, Eric P. Johnson, Tamara L. McConkey, Asst. County Attys., St. Paul, for appellant County.
John M. Stuart, State Public Defender, Charlann E. Winking, Asst. Public Defender, Minneapolis, for respondent S.A.C.
Considered and decided by HUSPENI, P.J., and NORTON and MANSUR, JJ.

OPINION
MARTIN J. MANSUR, Judge.[*]
The state appeals from the district court order dismissing for lack of jurisdiction a delinquency petition brought against respondent, a nine-year-old child. We affirm.

*518 FACTS
The state filed a delinquency petition in the Juvenile Division of Ramsey County District Court against respondent S.A.C., a nine-year-old child, alleging four counts of second degree burglary. A referee dismissed the petition for lack of jurisdiction, and the state requested review of the referee's decision pursuant to Minn.R.Juv.P. 2.04. After a hearing, the district court issued a written order confirming the referee's decision, ruling that the court did not have delinquency jurisdiction over children under ten years of age. The state now appeals from the district court order dismissing the petition.

ISSUE
Can a child under ten years of age be a "delinquent child" under the Juvenile Court Act?

ANALYSIS
This case requires that we interpret provisions of the Juvenile Court Act, Minn.Stat. §§ 260.011-.57 (1994). The interpretation of a statute is a question of law, which we afford a de novo review. London Constr. Co. v. Roseville Townhomes, Inc., 473 N.W.2d 917, 919 (Minn.App.1991).
On appeal, the state asserts that children under ten years of age may be subject to delinquency proceedings. The statute defines "delinquent child" in relevant part as follows:
Except as otherwise provided in paragraph (b) [not applicable here], "delinquent child" means a child: (1) who has violated any state or local law * * *.
Minn.Stat. § 260.015, subd. 5(a). "Child" is defined as "an individual under 18 years of age." Id., subd. 2. The state argues that these provisions do not set a minimum age at which a child may be adjudicated delinquent; therefore, in the state's view, a juvenile court's jurisdiction is not so limited.
Respondent argues that the statute's definition of a "child in need of protection or services" (CHIPS) removes children under ten from consideration under the statute's delinquency provisions. The CHIPS definition provides:
"Child in need of protection or services" means a child who is in need of protection or services because the child: * * * (10) has committed a delinquent act[[1]] before becoming ten years old.
Id., subd. 2a.
The state argues that the definitions are not irreconcilable because a child may be subject to the statute's CHIPS and delinquency provisions at the same time. The state notes that the classifications have different purposes and emphases. The paramount consideration in CHIPS proceedings is the best interests of the child, and the purpose of the CHIPS provision is to secure care and guidance for the child. Minn.Stat. § 260.011, subd. 2(a). The purpose of the delinquency provisions, on the other hand, is
to promote the public safety and reduce juvenile delinquency by maintaining the integrity of the substantive law prohibiting certain behavior and by developing individual responsibility for lawful behavior.
Id., sudb. 2(c). Possible dispositions also depend on whether a child is subject to the CHIPS or delinquency provisions. See Minn.Stat. §§ 260.185, 260.191. The state argues that the statute permits children under ten to be subject to both sets of provisions in order that the juvenile court may address both the child's need for care and guidance under the CHIPS provisions and the public's need for the child's accountability under the delinquency provisions. In short, the state contends that the CHIPS and delinquency classifications are not mutually exclusive.
The state also emphasizes that delinquency petitions are generally filed on a discretionary basis and that such a petition would not be filed against a child under the age of ten except in the most serious cases. The state argues that it must have the ability to hold even young children accountable for their actions.
*519 We are persuaded that the CHIPS definition makes the statute ambiguous with respect to the scope of the delinquency definition. The statute lists 13 circumstances in which children fall within the CHIPS definition; in only one of those circumstances  children under ten who have committed delinquent acts  is the delinquency definition implicated. See Minn.Stat. § 260.015, subd. 2a. This fact allows one reasonably to interpret the delinquency definition to exclude children under ten years of age. See Tuma v. Commissioner of Econ. Sec., 386 N.W.2d 702, 706 (Minn.1986) ("A statute is ambiguous when it can be given more than one reasonable interpretation.").
Because we hold that the statute is ambiguous, we must construe the statute in accordance with the legislative intent. See id. In 1988, the legislature amended the Juvenile Court Act by replacing the "dependent" and "neglected" children classifications with the CHIPS classification. The rationale behind the amendments was to create a more positive and less blaming approach to families and children with problems. See Hearing on H.F. No. 1251 Before the House Judiciary Committee (March 8, 1988) (statement of Rep. Pappas, author of the bill). In addition to including all children formerly within the "dependent" and "neglected" classifications, the newly-created CHIPS classification encompassed runaways and truants  status offenders formerly treated more like delinquents. A new category of children under ten who have committed delinquent acts was also created within the CHIPS classification. Before its unanimous passage in both houses of the legislature, the bill had been discussed in numerous hearings throughout the state with social workers, county attorneys, and court personnel. See id.
We hold that the legislature clearly intended to remove children under ten who have violated laws from delinquency jurisdiction by including them in the CHIPS definition. For instance, the amendments' preamble describes the new law as an act "transferring certain young alleged delinquents to the court's [CHIPS] jurisdiction." See 1988 Minn.Laws ch. 673 (emphasis added). This language indicates an intent to take these children out of the delinquency definition, not merely to make delinquent children under ten also subject to the CHIPS provisions. See Carlson v. Lilyerd, 449 N.W.2d 185, 190-91 (Minn.App.1989) (language in preamble, though not dispositive, may be considered in construing legislative intent), pet. for rev. denied (Minn. Mar. 8, 1990).
The testimony on the bill by at least one witness before a House subcommittee supports this position. A representative of the Minnesota County Attorneys Association, in describing the bill's primary provisions, stated as follows:
As the age requirement for treating these children no longer as delinquent children but children in need of protection or services, there's a minimum age of ten.
Hearing on H.F. 1251 Before the Crime and Family Law Division of the House Judiciary Committee (February 26, 1988) (statement of Joanne Vovrosky). This witness also expressed her desire that the legislature not increase beyond ten the age at which children are treated as CHIPS children "rather than delinquents." Id. Clearly this witness understood that the amendments would impose a minimum delinquency age.
The statute's dispositional provisions also tend to support our interpretation of the legislative intent behind the 1988 amendments. Under the new CHIPS provisions, the juvenile court could make a number of possible dispositions regarding a child under ten who had committed a delinquent act: placing the child within the child's own home under the protective supervision of the county welfare board or a social service agency; transferring legal custody to the welfare board or an agency; or ordering special physical or mental treatment. Minn.Stat. § 260.191, subd. 1(a) (1988). These dispositions, however, were already available to the court in dealing with a delinquent child. See Minn.Stat. § 260.185, subd. 1 (1986). It is likely, therefore, that the legislature included these children under ten in the CHIPS definition in order to eliminate the possibility of other, more stringent delinquency dispositions, such as paying a fine, making restitution, or being placed in a foster home or correctional facility. See id.
*520 In addition, the state's argument that the CHIPS and delinquency provisions are not mutually exclusive is not completely accurate. It is true that a child could be subject to both sets of provisions at the same time; for instance, a runaway could steal a bicycle. Nevertheless, under the CHIPS and delinquency definitions, a child is not subject to both sets of provisions as a result of committing a single act  unless the state's position is adopted. The absence of any other overlap between the two definitions further evidences the legislature's intent to take these children out of a juvenile court's delinquency jurisdiction and place them within the court's CHIPS jurisdiction.

DECISION
The district court properly dismissed the delinquency petition against respondent for lack of jurisdiction because respondent was under ten years of age.
Affirmed.
NOTES
[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.
[1] The statute does not separately define "delinquent act." Other language in the statute, however, links this term to the "delinquent child" definition. See Minn.Stat. § 260.171, subd. 2 (referring to a "delinquent act as defined in section 260.015, subdivision 5").