PARKER, Acting Chief Judge.
The state charged S.P. with throwing a deadly missile at or into an occupied vehicle and battery and also filed a Motion to Declare the Child a Gang Member. S.P. filed a Motion to Determine F.S. 874.03 and 874.04 Unconstitutional. The court denied S.P.’s motion and, after an evidentiary hearing, entered an Order Declaring Child a Gang Member. S.P. pleaded no contest, expressly reserving the right to appeal the court’s rulings on the constitutionality of the statutes and the finding that he was a gang member. The trial court adjudicated him delinquent and recommitted him to the custody of the Department of Juvenile Justice. S.P. has filed an appeal, challenging the application of sections 874.03 and .04, Florida Statutes (1993), to him, the constitutionality of these statutes, the trial court’s finding that he was a gang member, and the disposition of his case. We strike the order declaring S.P. a gang member and remand for modification of the recommitment order.
Chapter 874, Florida Statutes (1993), contains the Street Terrorism Enforcement and Prevention Act of 1990. This act provides for enhanced penalties for crimes committed as part of a pattern of youth and street gang activity in an effort “to eradicate the terror” which gangs create. § 874.02(3), Fla.Stat. (1993). The first inquiry is whether S.P. comes within the purview of chapter 874, Florida Statutes (1993). Section 874.04, Florida Statutes (1993), enhances the penalty for any felony or violent misdemeanor if its commission is part of a pattern of youth and street gang activity. Section 874.03(3), Florida Statutes (1993), provides as follows: “ ‘Pattern of youth and street gang activity' means the commission, attempted commission, or solicitation, by any member or members of a youth and street gang, of two or more felony or violent misdemeanor offenses on separate occasions within a 3-year period, for the purpose of furthering gang activity.” S.P. does not fall within the purview of this definition because he was adjudicated delinquent for committing delinquent acts, not for a felony or violent misdemeanor. In 1994 the legislature amended section 874.03(3) to include “two or more delinquent acts or violations of law which would be felonies or violent misdemeanors if committed by an adult.” The legislature also amended section 874.04 to provide for a penalty enhancement for “any delinquent act or violation of law which would be a felony or violent misdemeanor if committed by an adult.” These changes, however, were not effective until October 1, 1994. Because S.P. allegedly committed these delinquent acts on August 12,1994, the *1066 amendments do not apply to this case. Thus, the court erred in declaring S.P. a gang member. Accordingly, we strike the Order Declaring Child a Gang Member. Because of our holding on this issue, we conclude that it is unnecessary for us to review the trial court’s ruling that sections 874.03 and .04 are constitutional.
S.P. also challenges his disposition. The court committed him to the Department of Juvenile Justice for an indeterminate period of time that shall not extend beyond his nineteenth birthday or fifteen years whichever occurred first. At the time of disposition, S.P. was fifteen years and ten months old. Thus, he would be nineteen in three years and two months.
Section 39.054(4), Florida Statutes (1993), provides: “Any commitment of a delinquent child to the department shall be for an indeterminate period of time, but the time shall not exceed the maximum term of imprisonment which an adult may serve for the same offense.” Battery is a first-degree misdemeanor, see § 784.03(2), Fla.Stat. (1993), which is punishable by a term of imprisonment not exceeding one year. See § 775.082(4)(a), Fla.Stat. (1993). See also R.B. v. State, 633 So.2d 542 (Fla. 5th DCA 1994). Throwing a deadly missile is a second-degree felony, see § 790.19, Fla.Stat. (1993), which is punishable by a term of imprisonment not exceeding fifteen years. See § 775.082(3)(c), Fla.Stat. (1993). Thus, the disposition for the battery exceeds the maximum penalty allowed by law.
A review of chapter 39, Florida Statutes (1993), reveals that the statutes do not address whether there must be a separate disposition for each count. This court, however, has held that a court may not impose a general sentence for separate offenses. See H.L.L. v. State, 595 So.2d 223 (Fla. 2d DCA 1992); C.P. v. State, 543 So.2d 867 (Fla. 2d DCA 1989); J.J.S. v. State, 465 So.2d 621 (Fla. 2d DCA 1985). We, accordingly, direct the trial court to amend the disposition for the battery count to show a recommitment to no more than one year with credit for any time served. See R.B.
Reversed and remanded for modification of the recommitment order.
ALTENBERND and QUINCE, JJ., concur.