673 So.2d 582 (1996)
M.L.B., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2017.
District Court of Appeal of Florida, Fifth District.
May 24, 1996.
*583 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and E. Paul Stanley, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
M.L.B., a juvenile, appeals his adjudications and dispositions for the offenses of simple battery and violation of community control. We affirm his adjudications, vacate his dispositions, and remand for resentencing.
M.L.B. first contends that the trial court erred in denying his motion for a judgment of acquittal on the battery charge. This contention is without merit. The record contains sufficient evidence that the defendant committed a simple battery when he engaged in a fist fight on the school bus.
Next, M.L.B. maintains that his disposition order must be vacated, and the matter remanded for resentencing because the order fails to set forth the maximum period of state supervision. The problem, however, is that the trial court entered one disposition order addressing both the battery charge and the violation of community control. The law is clear that separate disposition orders must be entered for each offense adjudicated. D.D.M. v. State, 662 So.2d 384 (Fla. 5th DCA 1995); T.A.R. v. State, 640 So.2d 222 (Fla. 5th DCA 1994). Remand for correction is therefore required.
ADJUDICATIONS AFFIRMED; DISPOSITIONS VACATED; and MATTER REMANDED.
PETERSON, C.J., and COBB and ANTOON, JJ., concur.