CAMPBELL, Acting Chief Judge.
Appellant, adjudicated delinquent for possession of cannabis, trespass and criminal mischief, challenges his adjudication, his sentence and the court’s imposition of a public defender lien. We affirm his adjudication, reverse and remand his sentence for clarification, and reverse and remand the imposition of the public defender lien.
Appellant challenges his adjudication on the ground that the court erred in denying his motion to suppress. However, our review of the record indicates support for the trial judge’s conclusions that the officers had probable cause to arrest appellant for trespass when they seized the box from appellant’s pocket, and that appellant then consented to the officers’ opening the box. Appellant’s adjudication of delinquency is affirmed.
However, appellant’s sentence is reversed and remanded for clarification because the court sentenced appellant for all offenses together, without distinguishing between them. This was error. See Fla. R.Crim. Pro. 3.701(d)(12). Neither did the court specify the term of community control, nor the maximum term of imprisonment appellant could *949 receive if he were an adult. This was also error. See H.L.L. v. State, 595 So.2d 223 (Fla. 2d DCA 1992); C.P. v. State, 543 So.2d 867 (Fla. 2d DCA 1989).
Finally, the state concedes that the public defender lien was imposed in error since appellant was not notified of his right to a hearing to contest the amount of the lien under Florida Rule of Criminal Procedure 3.720(d)(1). See also Halyard v. State, 667 So.2d 1028 (Fla. 2d DCA 1996). The public defender lien is reversed and remanded. On remand, appellant shall have thirty days from the date of this mandate within which to file a written objection to the amount of the lien and, if an objection is filed, the assessment shall be stricken and a new assessment shall not be imposed without notice and a hearing pursuant to the rule. See also Sandefur v. State, 660 So.2d 1183 (Fla. 2d DCA 1995).
FRANK and PATTERSON, JJ., concur.