697 So.2d 234 (1997)
D.A.D., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2977.
District Court of Appeal of Florida, Fifth District.
August 1, 1997.
James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Daytona Beach, for Appellant.
*235 Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, Judge.
Appellant challenges her adjudications of delinquency and commitment in three separate cases. She asserts the trial court erred in failing to state reasons for its decision to adjudicate and commit her and in using only one order of disposition for all three cases.
The state filed three separate petitions for delinquency against appellant. Appellant pled no contest to an allegation of criminal mischief, no contest to an allegation of resisting an officer without violence, and guilty to a charge of resisting an officer without violence. Disposing of all three cases in one order of disposition, the trial court adjudicated appellant a delinquent and committed her to the Brevard Halfway House, a "level six" facility.
Section 39.052(4)(e)(1), Florida Statutes (1995), provides:
If the court determines that the child should be adjudicated as having committed a delinquent act and should be committed to the department, such determination shall be in writing or on the record of the hearing. The determination shall include a specific finding of the reasons for the decision to adjudicate and commit the child to the department.
In the instant case, the record reflects that the trial court specifically stated on the record that it was adjudicating appellant guilty of all three charges and committing her to a level six facility so that she could receive the kind of therapy and rehabilitation she needed for her mental health and substance abuse problems. The trial court thus satisfied the mandate of the statute. See K.R. v. State, 584 So.2d 1132 (Fla. 5th DCA 1991) (trial court's statement in delinquency proceeding that commitment was required because robbery is a violent offense complied with statute requiring court to include specific findings and reasons for decision to adjudicate delinquency and commit child to the Department of Health and Rehabilitative Services); I.H. v. State, 584 So.2d 230 (Fla. 5th DCA 1991).
The appellant is correct in her argument that the trial court erred in using a single commitment order for all three offenses. A single order of disposition may not be used where multiple convictions constitute the basis for an adjudication of delinquency. D.D.M. v. State, 662 So.2d 384 (Fla. 5th DCA 1995); T.A.R. v. State, 640 So.2d 222 (Fla. 5th DCA 1994) (error for sentencing court to employ single disposition form in sentencing juvenile for two offenses; absent express statutory authorization for general sentences, juvenile court was required to enter disposition order for each offense).
We affirm the adjudications and commitments for all three cases but remand to the trial court with directions to have separate orders of disposition entered for each offense.
AFFIRMED; REMANDED.
THOMPSON, J., concurs.
DAUKSCH, J., dissents, without opinion.