### In the Matter of the WELFARE OF L.G.S.

### No. CX–96–2563.

Court of Appeals of Minnesota.

Aug. 26, 1997.

John M. Stuart, State Public Defender, Charlann E. Winking, Assistant State Public Defender, Minneapolis, for Appellant L.G.S.

Hubert H. Humphrey, III, Attorney General, St. Paul, Alan Mitchell, St. Louis County Attorney, Melanie S. Ford, Assistant County Attorney, Duluth, for Respondent State.

Considered and decided by WILLIS, P.J., and HUSPENI and SCHULTZ,* JJ.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

HUSPENI, Judge.

Appellant L.G.S. challenges the use of a prior juvenile adjudication for assault to enhance a current assault charge to a gross misdemeanor. Because the prior juvenile adjudication does not constitute a prior "conviction" within the meaning of Minn.Stat. § 609.224, subd. 2 (1996), the trial court erred in adjudicating appellant for a gross misdemeanor violation. We affirm, but modify the adjudication accordingly.

## FACTS

Appellant L.G.S., age 16, was charged by petition with gross misdemeanor assault in the fifth degree in violation of Minn.Stat. § 609.224, subd. 2. A year earlier, appellant had been adjudicated delinquent for misdemeanor assault in violation of Minn.Stat. § 609.2242, subd. 1. Prior to trial, appellant moved to prohibit enhancement of the charge from a misdemeanor to a gross misdemeanor. The trial court denied her motion, and the case proceeded to full hearing.

The parties generally agree to the facts regarding the current offense (appellant attacked her older sister). The trial court found the petition to be proved and adjudicated appellant delinquent based on "Gross Misdemeanor Assault."

## ISSUE

Did the trial court err in determining that the prior juvenile adjudication could be used to enhance the current misdemeanor assault charge to a gross misdemeanor?

## ANALYSIS

This case involves the interpretation of the Juvenile Court Act, Chapter 260 (1996), and the criminal code, Minn.Stat. § 609.224 (1996). The construction of a statute is a question of law, which an appellate court reviews de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985); *In re Welfare of S.A.C.*, 529 N.W.2d 517, 518 (Minn.App. 1995).

Minn.Stat. § 609.224, subd. 1, provides that whoever commits an act with an intent to cause fear of immediate bodily harm or death in another, or intentionally inflicts or attempts to inflict bodily harm upon another, is guilty of misdemeanor fifth-degree assault. The offense may be enhanced to a gross misdemeanor under Minn.Stat. § 609.224, subd. 2b, if the individual commits such an assault "within two years of a previous conviction" for assault under Minn.Stat. §§ 609.224 or 609.2242.

Appellant does not dispute the fact that she was previously adjudicated delinquent for violating Minn.Stat. § 609.2242, nor does she dispute the facts supporting the current offense under Minn.Stat. § 609.224, subd. 1. She argues, however, that the trial court erred in enhancing the charge to a gross misdemeanor because the language of Minn.Stat. § 609.224, subd. 2b, only permits enhancement if there has been a prior *conviction* within two years, and juvenile court adjudications cannot be deemed convictions. The issue presented by this case is one of first impression in Minnesota. While the question is a close one, we conclude that harmonization of the statutory framework results in the adoption of appellant's position.

Under the Juvenile Court Act:

No adjudication upon the status of any child in the jurisdiction of the juvenile court shall operate to impose any of the civil disabilities imposed by conviction, nor shall any child be deemed a criminal by reason of this adjudication, *nor shall this adjudication be deemed a conviction of crime,* except as otherwise provided in this section or section 260.215. An extended jurisdiction juvenile conviction shall be treated in the same manner as an adult felony criminal conviction for purposes of the sentencing guidelines.

Minn.Stat. § 260.211, subd. 1 (emphasis added). Because Minn.Stat. § 609.224, subd. 2b, requires proof of a prior *conviction* as an element of the gross misdemeanor offense, under the plain language of section 260.211, subd. 1, it would appear that appellant does not have the requisite prior conviction necessary to invoke the enhancement provision. *See State v. Berkelman,* 355 N.W.2d 394, 396

(Minn.1984) (prior conviction is essential element of gross misdemeanor charge under similar enhancement statute for DWI offenses). But the state argues that Minn. Stat. § 260.211, subd. 1, must be read as limited by the language stating "except as otherwise provided in this section or section 260.215" and also must be read in conjunction with subdivision 2 of the statute, which states:

> *Nothing contained in this section shall be construed to relate to subsequent proceedings in juvenile court, nor shall preclude the juvenile court,* under circumstances other than those specifically prohibited in subdivision 1, from disclosing information to qualified persons if the court considers such disclosure to be in the best interest of the child or of the administration of justice.

(Emphasis added.) The state contends that these provisions permit enhancement for subsequent offenses within the juvenile system.[1] We are not convinced, however, that the language of Minn.Stat. § 260.211 provides a basis for interpreting the word "conviction" in the criminal code (Minn.Stat. § 609.224, subd. 2b), to encompass a prior juvenile adjudication.

The language "except as otherwise provided in this section or section 260.215," was added in 1994 at the time of the development of the extended juvenile jurisdiction procedures. The early versions of the bills that ultimately amended that language would have added, "except that a serious youthful offender conviction shall be treated in the same manner as an adult felony criminal conviction for purposes of the sentencing guidelines." *See* 5 1994 Minn. House Journal 5050; 4 1994 Minn. Senate Journal 6602. This language was changed before final enactment to read as cited earlier in this opinion. Legislative history suggests that the language in section 260.211, which the state claims permits enhancement within the juvenile court system, was added to insure that dispositions resulting from extended juvenile jurisdiction and adult certification could be used for sentencing purposes. The change is not a clear statement of legislative intent to have a prior juvenile adjudication constitute a "conviction" for the purposes of Minn.Stat. § 609.224.[2]

The legislature has demonstrated its awareness of the differences between juvenile matters and adult criminal cases and has amended other statutes to include adjudications of delinquency when it intends to provide for enhancement based on those prior adjudications. In 1984, the legislature modified the DWI statute to include juvenile adjudications in its enhancement provision.[3] The

---

1. The trial court agreed with the state's position, observing that:

   > It is clear a juvenile adjudication is *not* a conviction for purposes of enhancement in subsequent adult court proceedings. A violation of the Criminal Code by a juvenile is the foundation for adjudications in Juvenile Court. So long as the respondent remains in Juvenile Court, all provisions of the Criminal Code apply including the enhancement provisions.

2. Minn. R. Juv. P. 10.05, subd. 1(C)(5), states that during discovery "[a] child shall not be required to reveal prior offenses which might result in enhancement of pending enhanceable offenses." We are aware of the comment to that rule, which states that an example of "an 'enhanceable offense' is a pending misdemeanor fifth degree assault which could be amended to a gross misdemeanor." Advisory committee notes to the rules may provide guidance, but they are not the law. *See State v. Johnson,* 514 N.W.2d 551, 555 n. 8 (Minn.1994) (comments to rules exist to guide court, not to bind it). While there are other instances where a charge may be enhanced when a juvenile has a prior offense, *see,*

*e.g.,* Minn.Stat. § 169.121, subd. 3 (DWI statute provided for enhancement based on prior adjudication or conviction), we reject the state's contention that this comment authorizes a broadened interpretation of Minn.Stat. § 609.224, subd. 2.

3. This statutory amendment was apparently a response to *State v. Leonard,* 336 N.W.2d 271 (Minn.1983), in which the court held that a prior juvenile court adjudication on a major traffic offense was not a "conviction" within the meaning of the DWI statute and, therefore, the charge *could not be enhanced;* and *State v. Lala,* 351 N.W.2d 15 (Minn.1984), in which the court again ruled that a prior juvenile court adjudication for a major traffic offense was an improper predicate for converting a misdemeanor DWI into a gross misdemeanor. In both *Leonard* and *Lala* the predicate offense was handled in juvenile court and the enhanced offense was prosecuted in district court, while in the case before us both offenses were handled in juvenile court. The ability of the legislature to make its intent known in clear language, however, exists regardless.

new language states that for the purposes of that section, "a prior juvenile adjudication * * * is a prior conviction." 1984 Minn. Laws ch. 622, § 8. In 1995, the legislature amended the sexual predator registration law to include juveniles by stating that it applied to those "convicted of or adjudicated delinquent for" a sex offense. 1995 Minn. Laws. ch. 226, art. 4, § 3.

When the legislature enacted the Crime Victims Rights Act, chapter 611A, it again demonstrated its awareness of the distinction between adult convictions and juvenile adjudications by using language specifically including juveniles in its provisions. *See, e.g.,* Minn.Stat. §§ 611A.037, subd. 2 (victim of crime is entitled to be provided with "the charge or juvenile court petition to which the defendant has been convicted or pleaded guilty, or the juvenile respondent has admitted in court or has been found to have committed by the juvenile court"); 611A.038 (victim has right to make impact statement at time of "sentencing or disposition"); 611A.04, subd. 1(a) (victim has right to receive restitution as part of "the disposition of criminal charge or juvenile delinquency proceeding * * * if the offender is convicted or found delinquent") (1996). We conclude that if the legislature intended the term "conviction" in Minn.Stat. § 609.224, subd. 2, to include a prior juvenile adjudication, it would have expressly provided for such meaning.

■ Nor are we persuaded by the state's argument that even if the language of the statutes is unclear, the trial court's decision should be upheld to further the purpose of maintaining the integrity of substantive criminal law.[4] *See Pathmanathan v. St. Cloud State Univ.*, 461 N.W.2d 726, 728 (Minn.App. 1990) ("[C]ourts must adhere to the statute's clear language, unless doing so would be inconsistent with the legislature's manifest intent."); *see also* Minn.Stat. § 645.16 (1996) ("The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature."). Criminal statutes are to be strictly construed

against the state. *State v. Haas*, 280 Minn. 197, 200, 159 N.W.2d 118, 121 (1968), and Minn.Stat. § 609.224 does not state that a juvenile adjudication should be considered a "conviction" for the purposes of enhancement. We must, therefore, decline adoption of the state's broad interpretation.

We also decline the state's invitation to apply the rationale of cases from other jurisdictions to affirm the use of prior juvenile adjudications for enhancement purposes. *See T.S.W. v. State*, 489 So.2d 1146 (Fla.App. 1986) (juvenile's prior adjudication for petit theft under Florida statute was "conviction" for enhancement purposes); *In re Russell*, 12 Ohio St.3d 304, 466 N.E.2d 553 (1984) (prior juvenile adjudication on theft offense constituted previous "conviction" under Ohio statute so as to enhance degree of later offense). These cases, in addition to having no binding authority, are distinguishable. The language of the Florida statute in *T.S.W.* varied from that in Minnesota law and provided a somewhat clearer statement of intent to use an adjudication as a "conviction" for subsequent matters within the juvenile system. *See* 489 So.2d at 1147. The language of the Ohio statute in *Russell* also varied from Minnesota law. *See* 466 N.E.2d at 554. Moreover, the *Russell* court stated that it allowed enhancement because the disposition options would have been limited if enhancement had not been permitted. *Id.* Minnesota law, in contrast, provides for a broad spectrum of dispositions, depending on the child, regardless of the level of the offense. *See* Minn.Stat. § 260.185 (1996).

■ Ultimately, we conclude that this case, indeed, is about dispositions, not about labels describing the degree of an offense. When a juvenile court finds that a child is delinquent, it enters an order making any one of a number of dispositions, "which are deemed necessary to the rehabilitation of the child." Minn.Stat. § 260.185, subd. 1. The juvenile court has broad discretion in choosing the appropriate disposition from the many options available to it. *In re Welfare*

---

4. The state notes that the purpose of the juvenile delinquency laws is to

    promote the public safety and reduce juvenile delinquency by maintaining the integrity of the

substantive law prohibiting certain behavior and by developing individual responsibility for lawful behavior.

Minn.Stat. § 260.011, subd. 2(c).

*of J.A.J.,* 545 N.W.2d 412, 414 (Minn.App. 1996).

 The parties agree, and we deem it of critical importance to our analysis, that the trial court could consider appellant's prior adjudication for assault when it determined the appropriate disposition on the current offense. *See* Minn.Stat. § 260.211 (adjudication may be used in subsequent juvenile proceeding to determine proper disposition). In fact, the juvenile court may use information obtained in a prior juvenile adjudication proceeding for several purposes: impeachment, evidentiary, and disposition. *See* Minn.Stat. § 260.211, subd. 1 (allowing use of evidence in subsequent juvenile proceedings and allowing use of prior adjudication to determine proper disposition); *see also In re C.D.L.,* 306 N.W.2d 819 (Minn.1981) (prior juvenile adjudication may be used for impeachment in subsequent juvenile proceedings).

As observed by the state at oral argument, this case is "step two" on the way to a felony charge. (Minn.Stat. § 609.224, subd. 4, provides for enhancement to a felony level offense if a person who has two or more prior convictions for assault commits another offense.) A felony offense invokes other consequences for a juvenile, such as potential adult certification or extended jurisdiction status. *See* Minn.Stat. §§ 260.125 (adult certification), 260.126 (extended jurisdiction juvenile prosecutions). The state seems to argue that, in addition to adult certification and extended jurisdiction, certain other dispositions are available only if the offense on which the adjudication is based is a felony. The state cites no authority for its position, and our independent research has revealed none.[5] Thus it can be argued, and persuasively so, we believe, that the discretion vested in the juvenile court authorizes it to choose among a broad array of possible dispositions and to consider not only the present conduct, but also prior adjudications of delinquency in so choosing. Further, the prosecutor has the discretion always to charge a more serious offense (felony) if the conduct of the child warrants such charge.

---

**5.** While the juvenile court may consider the fact that a child was adjudicated for committing a felony level offense when considering placement

Absent a specific declaration by the legislature to the contrary, a child's misdemeanor-level conduct should not be elevated to gross misdemeanor- or felony-level conduct solely on the basis of a criminal statute that permits such enhancement for an adult based on prior convictions. A child is not "convicted" in juvenile court; the child is adjudicated delinquent.

### DECISION

Because proof of a prior conviction is required to establish a violation under Minn. Stat. § 609.224, subd. 2, and because a prior juvenile court adjudication is not a "conviction" within the meaning of that section, the trial court erred in finding appellant in violation of that section. We affirm the adjudication, but modify the order to reflect a violation of Minn.Stat. § 609.224, subd. 1.

**Affirmed as modified.**

in a secure facility, the offense level does not limit the available dispositions. *See* Minn.Stat. § 260.185, subd. 1c(1).