IN RE RUSSELL.

[Cite as In re Russell (1984), 12 Ohio St. 3d 304.]

(No. 83-1039—Decided August 1, 1984.)

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.

*Ms. Patricia K. Young,* for appellant.

*Per Curiam.* R.C 2151.02(A) defines a "delinquent child" as one "[w]ho violates *any* law of this state * * * which would be a crime if committed by an adult * * *." (Emphasis added.) Therefore, it is not relevant to the finding of delinquency whether the actions of appellant would have constituted a felony or a misdemeanor if committed by an adult. The determination of the degree of the offense is, however, relevant to the issue of disposition.

R.C. 2151.355, which authorizes various dispositions of delinquent children, provided at the time applicable herein, in part:

"(A) If a child is found by the court to be a delinquent child, the court may make any of the following orders of disposition:

"* * *

"(4) If the child was adjudicated delinquent by reason of having committed an act that would be a felony of the third or fourth degree if committed by an adult, commit the child to the legal custody of the department of youth services for institutionalization for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of the age of twenty-one years."

The trial court determined that the actions of appellant would have been a felony if committed by an adult, under R.C. 2913.02(B), which provided:

"Whoever violates this section is guilty of theft. If the value of the property or services stolen is less than one hundred fifty dollars, a violation of this section is petty theft, a misdemeanor of the first degree. * * * *[I]f the offender has previously been convicted of a theft offense, a violation of this section is grand theft, a felony of the fourth degree. * * * *"* (Emphasis added.)

The central question, upon which the districts have split, is whether a prior adjudication of delinquency predicated on a theft offense constitutes a previous conviction of a theft offense so as to enhance the degree of the offense for the purpose of determining disposition.

R.C. 1.49 provides that in construing an ambiguous statute, "* * * the court, in determining the intent of the legislature, may consider among other matters: (A) [t]he object sought to be obtained; * * * (E) [t]he consequences of a particular construction; * * *" It is logical to presume that the legislature intended the juvenile court to have a greater number of choices regarding dispositions for juveniles with continuing difficulties with the law. The construction urged by appellant, that a prior theft adjudication is not a prior theft conviction, would relegate the court to the use of the same dispositions which had been inadequate in addressing previous adjudications of delinquency for theft offenses. This would be inconsistent with the express goal of rehabilitating juveniles. R.C. 2151.01(B).

Accordingly, we conclude that a prior adjudication of delinquency predicated on a theft offense constitutes a previous conviction of a theft offense under R.C. 2913.02 for the purpose of determining disposition.

For the reasons discussed above, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., O'NEILL, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, sitting for W. BROWN, J.