IN RE HAYES.

(No. 86AP-165 — Decided
September 16, 1986.)

*Michael Miller,* prosecuting attorney, and *David L. Rowland,* for appellee.

*James Kura,* county public defender, *Allen V. Adair, Paul Skendelas* and *J. Kimble Rigney,* for appellant.

MOYER, P.J. This matter is before us on the appeal of Maurice Hayes from a decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch. The court found him to be a delinquent minor for having committed a grand theft offense. The charge of grand theft against appellant was enhanced due to his prior petit theft offenses. See R.C. 2913.02(B).

The facts and procedural history are as follows: the appellant, age twelve, appeared before the referee of the Franklin County Juvenile Court. Appellant entered a denial to one count of grand theft and remained in the court's custody pending his adjudicatory hearing. At the hearing, a security officer for Sears Northland testified that she observed appellant and another youth carrying clothes into a fitting room. The youths went into the fitting room on four occasions and then moved quickly to the exit. The security officer had her partner check the fitting room for the clothing, but he did not find any. She immediately pursued the youths and stopped them outside the door. She persuaded them to come back into the store and subsequently discovered that appellant was wearing a pair of blue nylon sweat pants beneath his clothing. Appellant had not paid for the sweat pants, which were valued at $19.99.

The second witness for the state was a juvenile probation officer. Her testimony substantiated that appellant had, in fact, been previously adjudicated a juvenile delinquent for having committed petit theft offenses. These prior journal entries and affidavits were admitted into evidence over defense counsel's objections. Furthermore, defense counsel moved to strike any evidence regarding the previous adjudications of appellant. The referee overruled these objections, made an adjudication on the charge, and set the matter for disposition.

At the disposition hearing, the referee recommended that appellant be placed on probation for twenty-four months. He also recommended that the court maintain wardship. He directed Franklin County Children Services to arrange a placement for appellant, with an order that he not be returned to his home without a full court hearing.

Objections to the referee's report and recommendation were filed on behalf of the appellant. The trial judge heard oral argument and subsequently issued a written decision adopting the report and recommendation of the referee. This appeal immediately ensued.

The appellant asserts the following as assignments of error:

"1. The trial court erred in finding that the defendant had been 'convicted' of a prior theft offense within the meaning of R.C. 2913.02(B).

"2. The trial court erred in accepting evidence of prior juvenile adjudications for the purpose of elevating a petit theft to a grand theft as such evidence is not admissible pursuant to R.C. 2151.358(H)."

Proceedings in juvenile court are special statutory proceedings and are neither criminal nor civil in nature. *In re C.* (1975), 43 Ohio Misc. 98 [72 O.O.2d 421]. Generally, juvenile court law provides that a child cannot be convicted of a crime, but can only be adjudicated a delinquent child. These same acts, if

committed by an adult, would be considered crimes punishable by law. Thus, the focus of juvenile law is to rehabilitate, not to convict and punish. R.C. 2151.01 (B). However, the Ohio Supreme Court has held that a prior juvenile adjudication of delinquency predicated on a petit theft offense constitutes a previous conviction so as to enhance the degree of the offense for purposes of disposition. *In re Russell* (1984), 12 Ohio St. 3d 304, 305; R.C. 2913.02(B). In this regard, a previous conviction constitutes an element of the present offense, which the state must prove beyond a reasonable doubt. *In re Horton* (Dec. 17, 1985), Franklin App. No. 85AP-183, unreported; *State* v. *Barnett* (Sept. 26, 1985), Franklin App. No. 85AP-265, unreported; *State* v. *Henderson* (1979), 58 Ohio St. 2d 171 [12 O.O.3d 177]; *State* v. *Gordon* (1971), 28 Ohio St. 2d 45 [57 O.O.2d 180]. Since appellant's previous adjudication constitutes a previous conviction for the purpose of enhancing the degree of the theft offense, the trial court properly followed the Supreme Court's holding in *Russell, supra.* Accordingly, appellant's first assignment of error is not well-taken and is overruled.

Appellant's second assignment of error alleges that the trial court improperly admitted evidence for the purpose of elevating the charge against the appellant from petit theft to grand theft in contravention of R.C. 2151.358(H). R.C. 2151.358(H) states:

"The judgment rendered by the court under this chapter shall not impose any of the civil disabilities ordinarily imposed by conviction of a crime in that the child is not a criminal by reason of the adjudication, nor shall any child be charged or convicted of a crime in any court except as provided by this chapter. The disposition of a child under the judgment rendered or any evidence given in court is not admissible as evidence against the child in any other case or proceeding in any other court, except that the judgment rendered and the disposition of the child may be considered by any court only as to the matter of sentence or to the granting of probation. The disposition or evidence shall not operate to disqualify a child in any future civil service examination, appointment, or application."

At the adjudicatory hearing, the probation officer's testimony and the journal entries and affidavits substantiating appellant's previous adjudications presented sufficient evidence to establish, beyond a reasonable doubt, that appellant had previously been adjudged a delinquent on charges of petit theft. Evidence of appellant's prior adjudications, otherwise not admissible under R.C. 2151.358(H), becomes admissible in light of our holding concerning appellant's first assignment of error. Thus, in applying the Ohio Supreme Court's holding in *Russell, supra,* evidence concerning the accused's prior adjudications necessarily has to be admitted since these prior adjudications constitute an element of the present offense. See R.C. 2913.02(B).

Moreover, the language of R.C. 2151.358(H) limits its application in another way. The juvenile courts must follow a two-step process to determine whether a child is a juvenile delinquent. First, an adjudicatory hearing is held to determine if the acts described in the complaint establish the delinquency. Thereafter, a dispositional hearing is held to determine what action shall be taken concerning the child. Although R.C. 2151.358(H) prohibits the use of prior adjudications as evidence in any other case or proceeding, it does allow the judgment rendered and the disposition of the child to be considered as to the matter of sentence or granting of probation. In the instant case, the dispositional alternatives ordered by the

court could have been selected regardless of whether appellant was adjudicated on the grounds of petit theft or grand theft. His prior adjudications are admissible as evidence for the purposes of disposition. See Juv. R. 34(B); *In re Bolden* (1973), 37 Ohio App. 2d 7 [66 O.O.2d 26]. Consequently, the disposition in juvenile matters is not generally related to the acts of the child in the way a minimum or maximum sentence is prescribed for the criminal acts of adults. See R.C. 2151.355.

Upon review, the facts alleged and proved would constitute a violation of R.C. 2913.02(B). See *In re Burgess* (1984), 13 Ohio App. 3d 374. As an adult, appellant would be criminally punished under this statute. Given the fact that he is a juvenile, the state need only prove the elements of the crime, beyond a reasonable doubt, for the purposes of adjudication. Therefore, this evidence was properly admitted at the adjudicatory hearing for the purpose of proving an element of the present offense. Because of our holding as to appellant's first assignment of error and in light of *Russell, supra,* the trial court did not err in admitting into evidence testimony and journal entries concerning appellant's prior adjudications. Furthermore, this evidence was properly considered in determining appellant's disposition. Appellant's second assignment of error is not well-taken and is overruled.

Based on the foregoing, the trial court's judgment is affirmed.

*Judgment affirmed.*

WHITESIDE and MARTIN, JJ., concur.

MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.