~
## State v. Blogna
## Case No. CA-7880

**Stark County (5th)**
**Decided January 8, 1990**
[Cite as 1 AOA 184]

*For Plaintiff-Appellee, Debra M. Hughes, Prosecuting Attorney's Office, Massillon City Hall, Massillon, Ohio 44646,*

*For Defendant-Appellant, James B. Lindsey, 424 Citizens Savings Bldg., Canton, Ohio 44702.*

GWIN, J.

On March 26, 1989, defendant-appellant, Matthew D. Blogna (appellant), was involved in an automobile accident and was charged with the offense of Driving While Under the Influence of Alcohol pursuant to R.C. 4511.19(A)(1) and (A) (3). The face of the Uniform Traffic Citation indicated that appellant had a prior DUI offense.

On May 2, 1989, following his pleas of not guilty to the above charges, appellant pled no contest to one count of DUI and was found guilty of the same. However, prior to sentencing, counsel for appellant informed the trial court that appellant's prior charge of DUI occurred on December 22, 1987, when appellant was seventeen years old. From that charge, appellant was adjudicated a juvenile traffic offender on February 12, 1988. Therefore, counsel for appellant argued through motion, appellant should be sentenced as a first offender because the adjudication as a juvenile traffic offender is not a conviction as required by R.C. 4511.99.

On May 30, 1989, the trial court, by judgment entry, overruled appellant's motion and found that appellant's adjudication was a conviction of record and therefore appellant was not entitled to be sentenced as first-offender. The trial court then sentenced appellant

not entitled to be sentenced as first-offender. The trial court then sentenced appellant accordingly.

Appellant now seeks our review of his sentence and raises the following sole assignment of error:

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT THE DEFENDANT-APPELLANT HAD BEEN "CONVICTED" OF A PRIOR DRIVING WHILE UNDER THE INFLUENCE OFFENSE WITHIN THE MEANING OF O.R.C. 4511.99(A)(2) SINCE THE DEFENDANT-APPELLANT HAD BEEN PREVIOUSLY ADJUDICATED A JUVENILE TRAFFIC OFFENDER BY WAY OF A DRIVING WHILE UNDER THE INFLUENCE OFFENSE IN THE STARK COUNTY COMMON PLEAS COURT, JUVENILE DIVISION, IN 1988. SAID "CONVICTION" SHOULD NOT HAVE BEEN CONSIDERED BY THE TRIAL COURT SINCE SUCH "CONVICTION" IS NOT ADMISSIBLE PURSUANT TO O.R.C. 2151.358(H). IF THE TRIAL COURT WOULD NOT HAVE CONSIDERED THE PRIOR JUVENILE COURT ADJUDICATION AS A "CONVICTION," THE DEFEN-DANT-APPELLANT WOULD ONLY HAVE BEEN SENTENCED TO A 72-HOUR SENTENCE AS EVIDENCED BY THE COURT'S SENTENCING JUDGMENT ENTRY.

I

R.C. 4511.99(A) (2) provides in pertinent part:

Whoever violates section 4511.19 of the Revised Code, in addition to the license suspension or revocation provided in section 4507.16 of the Revised Code, shall be punished as provided in division (A)(1), (2), or (3) of this section.
(2) If, within five years of the offense, the offender *has been convicted* of or pleaded guilty to a violation of section 4511.19 of the Revised Code... the court shall sentence the offender a term of imprisonment of ten consecutives days.... (Emphasis added)

As indicated above, R.C. 4511.99 speaks only of previous DUI convictions and is silent as to juvenile traffic offender (by way of DUI offense) adjudications. Therefore, the initial issue confronting us is whether such adjudications fall within the purview of R.C. 4511.99.

R.C. 2151.358(H) provides, in relevant part:

a judgment entered against a juvenile under R.C. Chapter 2151...shall not impose any of the civil disabilities ordinarily imposed by conviction of a crime in that the child is not a criminal by reason of the adjudication, nor shall any child be charged or convicted of a crime in any court except as provided by this chapter.

Juvenile proceedings pursuant to R.C. Chapter 2151 are neither "criminal" or "civil" in nature. *In re: C.* (1975), 43 Ohio Misc. 98, 72 O.O.2d 421, 422. In fact, under the Juvenile Act, a child cannot be found to have committed a crime but can only be found delinquent, unruly, or a traffic offender. *In re: Morris* (1971), 29 Ohio Misc. 71, 58 O.O.2d 126, 127.

There are numerous distinctions between criminal prosecutions and juvenile adjudications. For instance, the United States Supreme Court has held that a trial by jury in criminal cases is fundamental and guaranteed by the Sixth Amendment. *McKeiver v. Pennsylvania* (1971), 403 U.S. 528, 29 L.Ed.2d 647, 658, citing *Duncan v. Louisiana* (1968), 391 U.S. 145, 149. However, States are not required provide jury trials in juvenile proceedings. *McKeiver, supra.*

For the above reasons, we firmly believe the trial court, in the case *sub judice*, erred as a matter of law in finding appellant's adjudication as a juvenile traffic offender constituted a conviction of record. Instead, as the State contends, the trial court should have looked to R.C. 2151.358(H), which provides:

The disposition of a child under the judgment rendered or any evidence given in court is not admissible as evidence against the child in any other case or proceeding in any other court, *except that the judgment rendered and the disposition of the child may be considered by any court only as to the matter of sentence or to the granting of probation.* The disposition or evidence shall not operate to disqualify a child in any future civil service examination, appointment or application. (Emphasis added).

Hence, the trial court *may* consider, but is not required to consider, a past juvenile adjudication of delinquency, unruliness, and/or traffic offender during the sentencing process.

The trial court, in its judgment entry overruling appellant's motion seeking sentencing as a first offender, stated:

> If this had been the defendant's first conviction of a violation of O.R.C. 4511.19, the court would have sentenced the defendant to a first-offender sentence; namely, seventy-two hours in the Stark County United Way Alcohol Treatment Program or the Stark County Jail, and not ten days in the Stark County Jail.

Accordingly, we reverse and remand this cause, as to the trial court's sentencing of appellant as a second offender, with instructions that the trial court resentence appellant as a first-offender in accordance with this opinion.

SMART, J., Concurs.

MILLIGAN, P.J., dissenting:

I would affirm the sentence of the municipal court.

Although the rhetoric is different, the constitutional considerations are essentially the same (with the exception of the right to trial by jury) in the adult traffic court and the juvenile traffic court. Instead of being found to be operating under the influence of alcohol in adult court, the appellant was found to be a juvenile traffic offender by operating under the influence, in violation of the same traffic statute, R.C. 4511.19.

In *In re Russell* (1984), 12 Ohio St. 3d 304, 466 N.E. 2d 553, the Ohio Supreme Court affirmed a commitment to the Department of Youth Services (a disposition reserved for felony-delinquency adjudications), where the juvenile was found delinquent by a second theft offense.

We conclude that a prior adjudication of delinquency predicated on a theft offense constitutes a previous conviction of a theft offense under R.C. 2913.02 for the purpose of determining disposition. *Russell, supra.*

So also the Tenth District Court of Appeals has held that evidence of a prior adjudication of delinquency by petit theft, not otherwise admissible under R.C. 2151.358(H), is admissible to enhance the degree of a theft offense to a felony, grand theft, for purposes of disposition.

*In re Hayes* (1986), 29 Ohio App. 3d 162.

This case presses the issue to the next level. If the prior delinquency offense is admissible to enhance the offense, on a second charge, in juvenile court, is it admissible when the juvenile has become an adult and is charged in adult court?

I see no compelling reason to answer other than in the affirmative. If "convicted" is allowed to mean "adjudicated" for purposes of enhancement in the subsequent juvenile proceedings, it ought to mean the same thing in the adult court.

Finally, the language of the Juvenile Court Act, R.C. 2151.358(H), contemplates that the juvenile court judgment and disposition "may be considered by any court only as to the matter of sentence...." That is what happened here - the court considered the juvenile traffic offense in the matter of sentencing per R.C. 4511.99(A)(2).

A further question we need not resolve is whether the adult traffic court is required to impose the enhanced sentence as a result of the mandatory requirement of R.C. 4511.99(A). Here the trial court exercised discretion and elected to treat the appellant as a second offender. In that election he did not error.