OPINION
Defendant Jacob Glover appeals a judgment of the Court of Common Pleas of Licking County, Ohio, convicting and sentencing him for driving under the influence in violation of R.C. 4511.19, after appellant changed his plea from not guilty to no-contest. The indictment alleged it was appellant's fourth DUI offense in the last six years, the first of which occurred when appellant was a juvenile. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING THE STATE OF OHIO TO RELY ON THE DEFENDANT-APPELLANT'S PRIOR JUVENILE TO ENHANCE THE CHARGE HEREIN TO A FELONY OFFENSE.
 II. THE FAILURE OF TRIAL COUNSEL TO ADEQUATELY PRESERVE THE DEFENDANT-APPELLANT'S APPELLATE RIGHTS WITH RESPECT TO THE USE OF HIS PRIOR ADJUDICATION TO ENHANCE THE INSTANT CASE TO A FELONY DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 I
In his first assignment of error, appellant urges the trial court should not have relied on appellant's juvenile conviction to enhance the present charge to a felony offense. Pursuant to R.C.4511.19 and 4511.99, a fourth OMVI offense in six years is enhanced to a felony. Appellant argues his adjudication as a juvenile traffic offender by the Licking County Juvenile Court on September 21, 1995, does not constitute a conviction, and should not be used to enhance his present offense. Prior to January 1, 1996, juvenile traffic offenders' adjudications were not classified as convictions and could not be used to enhance the penalty of a subsequent adult OMVI conviction, see State v. Blogna (1990), 60 Ohio App.3d 141. However, the Ohio General Assembly enacted R.C. 2901.08 effective January 1, 1996, changing the law with respect to the effect of juvenile adjudications on subsequent offenses. Pursuant to R.C. 2901.08, a prior juvenile adjudication is now considerated a conviction for purposes of determining subsequent offenses, enhancements, or punishments. Appellant argues because his juvenile adjudication occurred prior to the enactment of R.C. 2901.08, the court should not have applied the statute to the instant case. Appellant cites us to R.C. Section1.48, which provides a statute is presumed to be prospective in its operation unless expressly made retrospective. Appellant urges R.C. 2901.08 does not specifically state it applies to juvenile adjudications prior to its effective date. Appellant argues R.C.2901.08 is not a remedial statute, because it expressly changes the nature of juvenile adjudications. We find R.C. 2901.08 does not change the characterization or status of a prior juvenile offense. The statute has no effect whatsoever on the juvenile offense, but rather affects the enhancement provisions for subsequent offenses. As the Seventh District noted in State v. Vermillion (June 24, 1999), Belmont App. No. 98CA16, unreported, the effect of the enhancement provisions is to re-define the second offense, not the prior offense, Vermilliion, at 5, citing Akron v. Kirby (1996),113 Ohio App.3d 452 at 461. We find the trial court did not err in considering appellant's juvenile adjudication a conviction for enhancement purposes. Accordingly, the first assignment of error is overruled.
 II
Next, appellant urges if we find the trial counsel did not adequately preserve the argument set forth in I, supra, then trial counsel was ineffective. In light of our discussion above, we find the second assignment of error is moot, and accordingly, it is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. By Gwin, P.J., and Edwards, J., concur, Hoffman, J., dissents.