I respectfully dissent from the majority opinion. Appellee aptly identifies the issue presented in this appeal, i.e., "may a prior juvenile adjudication, Driving Under the Influence of Alcohol, entered prior to January 1, 1996, be utilized to enhance a subsequent adult Driving Under the Influence offense to a felony?" I conclude it may not. My reason follows. I begin by noting both parties represent the issue raised herein to be one of first impression. The trial court made the same observation in its February 19, 1999 Judgment Entry. This Court previously held, in State v. Blogna (1990), 60 Ohio App.3d 141, an adjudication as a juvenile traffic offender could not be used to enhance a subsequent Driving Under the Influence conviction as an adult. However, as argued by appellee in its brief to this Court, and as found by the trial court in its Judgment Entry denying appellant's motion in limine, the law changed on January 1, 1996, when the legislature enacted R.C. 2901.08. That statute provides: If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, the adjudication as a delinquent child or as a juvenile offender is a conviction for a violation of law or ordinance for the purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea.
In light of the enactment of R.C. 2901.08, the issue becomes does the statute "reach back" to appellant's September 21, 1995 adjudication as a juvenile traffic offender? The trial court found the statute does reach back because the triggering mechanism is not the prior adjudication as a juvenile traffic offender, but rather the new Driving Under Influence charge. I do not disagree with this conclusion. Furthermore, I do not disagree with the case law cited by appellee which holds a law cannot be considered retroactive when it merely apprises one enhanced penalties will accompany new crimes. However, R.C. 2901.08 does more than merely apprise appellant of enhanced penalties for future crimes; it changes the underlying nature of the juvenile case from an "adjudication" into a "conviction." In addition to apprising of enhanced penalties for future offenses, R.C. 2901.08 changes the "status" of the prior juvenile offense. R.C. 1.48 provides a statute is presumed to be prospective in its operation unless expressly made retrospective. R.C. 2901.08 makes no mention it is to be applied to juvenile adjudications prior to its effective date; therefore, it is presumed to be prospective in nature. Accordingly, I find the trial court erred in allowing appellant's September 21, 1995 juvenile adjudication to be considered a conviction for enhancement purposes. I would sustain appellant's first assignment of error and reverse the trial court's judgment and remand the case for further proceedings.