OPINION
{¶ 1} Appellant Chad Fogle appeals his conviction and sentence entered in the Stark County Court of Common Pleas, Juvenile Division, on a felony charge of domestic violence.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On October 22, 2005, a complaint was filed in the Stark County Juvenile Court, alleging Appellant Chad Fogle, age 16, was a delinquent child for committing domestic violence, in violation of R.C. 2919.25(A) or (B) (D), a felony of the third degree if committed by an adult.
 {¶ 4} The complaint charged Appellant with a felony of the third degree, alleging that Appellant "has been convicted two or more times of domestic violence * * *."
 {¶ 5} The initial charge of domestic violence occurred on January 11, 2002, and alleged that Appellant was delinquent for domestic violence, a misdemeanor of the first degree if committed by an adult, when Appellant, " * * * struck [the] victim, Natalie L. Fogle, his mother, in the face as she was enacting corporal punishment on him."
 {¶ 6} Appellant was adjudicated delinquent for this offense on January 22, 2002.
 {¶ 7} The second charge of domestic violence occurred on February 23, 2003, and alleged that Appellant was delinquent for domestic violence, a misdemeanor of the fourth degree if committed by an adult, when Appellant, "became violent with his mother (Natalie Fogle) and threatened to kill her and other household members."
 {¶ 8} Appellant was adjudicated delinquent for this offense on March 28, 2003.
 {¶ 9} On November 30, 2005, an arraignment hearing was held on the felony domestic violence charge at issue in the case sub judice.
 {¶ 10} At this hearing, defense counsel raised the issue as to whether the domestic violence charge can be enhanced as a felony level offense, arguing that Appellant did not have two or more prior "convictions".
 {¶ 11} In response, the court appointed the public defender's office as counsel, and ordered briefing on the legal issue that had been raised.
 {¶ 12} On December 22, 2005, the defense filed a "Brief of Juvenile," which addressed the issue, "whether, for a juvenile defendant, a delinquency adjudication is sufficient as a "conviction" or "guilty plea" to trigger the felony enhancement provisions of Ohio's domestic violence law."
 {¶ 13} The defense argued the enhancement provision allows the State to charge an adult with a domestic violence delinquency adjudication in his past with a felony; but does not allow a juvenile, who has a domestic violence delinquency adjudication, to be charged with a felony level domestic violence in juvenile court.
 {¶ 14} On January 6, 2006, the State filed its Response to Juvenile's Brief, arguing that a prior juvenile domestic violence adjudication is sufficient to enhance a subsequent domestic violence charge to a felony in juvenile court.
 {¶ 15} On January 30, 2006, the juvenile court magistrate heard arguments on the briefs. (T. at 4-6). At the close of such arguments, the magistrate found, " * * * a prior conviction is a conviction for the purposes of enhancement under the statute, so I am prepared then to proceed today with the felony 3 domestic violence charge."T. at 6-7).
 {¶ 16} The defense stipulated to the facts alleged in the complaint, to age and venue, and to the prior domestic violence adjudications. (T. at 7).
 {¶ 17} The trial court then adjudicated Appellant delinquent by means of domestic violence, a felony of the third degree if committed by an adult. (T. at 8). For disposition, the trial court suspended an indefinite commitment to the Ohio Department of Youth Services, ordered Appellant be put on a waiting list for court placement, and ordered community control with a number of conditions.
 {¶ 18} On February 7, 2006, the defense filed a request for findings of fact and conclusions of law, pursuant to Juv.R. 40(E)(2).
 {¶ 19} On February 14, 2006, the magistrate filed a judgment entry that included findings of fact and conclusions of law. In this Entry the magistrate stated that it "applie[d] 2901.08 to this case and finds that pursuant to Ohio Statute and case law, a prior domestic violence adjudication is a conviction for the purposes of felony enhancement of a subsequent domestic violence complaint."
 {¶ 20} On February 28, 2006, the defense filed an "Objection to Magistrate's Decision".
 {¶ 21} On April 10, 2006, the State filed their Response.
 {¶ 22} On April 11, 2006, the juvenile court heard arguments on the Objections.
 {¶ 23} On April 12, 2006, the juvenile court adopted the reasoning set for in the magistrate's decision of February 14, 2006.
 {¶ 24} On May 12, 2006, Appellant filed his Notice of Appeal and other necessary pleadings.
 {¶ 25} On June 28, 2006, the clerk mailed the App.R. 11(B) notice that the record was complete.
 {¶ 26} On July 17, 2006, appellant filed a Motion for Extension of Time to File Appellant's Merit Brief.
 {¶ 27} On July 21, 2006, this Court granted appellant until August 17, 2006 to file his brief.
 {¶ 28} Appellant's appeal is now before this Court, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 29} "I. THE JUVENILE COURT VIOLATED R.C. 2919.25, 2901.08, AND CHAD FOGLE'S RIGHT TO DUE PROCESS AS GUARANTEED BY THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; AND SECTION 16, ARTICLE I
OF THE OHIO CONSTITUTION, WHEN IT ADJUDICATED HIM DELINQUENT FOR DOMESTIC VIOLENCE, A FELONY OF THE THIRD DEGREE IF COMMITTED BY AN ADULT.
 {¶ 30} "II. CHAD FOGLE WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION".
 I. {¶ 31} In his first assignment of error, Appellant argues that the trial court erred in adjudicating him delinquent by reason of committing a felony domestic violence because the prior delinquency adjudications for domestic violence could not be used to elevate the present charge to a felony. Appellant argues that R.C. 2901.08 applies only to adults charged with crimes, and not to juveniles charged with delinquency by reason of committing criminal offenses. We disagree.
 {¶ 32} Revised Code § 2901.08(A) states:
 {¶ 33} (A) If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child or juvenile traffic offender for a violation of a law or ordinance, except as provided in division (B) of this section, the adjudication as a delinquent child or as a juvenile traffic offender is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person relative to the conviction or guilty plea.
 {¶ 34} Revised Code § 2919.25(A) and (D)(4) provide:
 {¶ 35} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
 {¶ 36} "(D)(4) If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) or (B) of this section is a felony of the third degree, and a violation of division (C) of this section is a misdemeanor of the first degree."
 {¶ 37} Appellant argues that because juveniles are deemed not to be criminals under the statutory historic approach reviewed by the Ohio Supreme Court in In Re Anderson (2001), 92 Ohio St.3d 63, and such court's definition of the juvenile court system as civil rather than criminal that R.C. § 2919.25(D) does not apply.
 {¶ 38} We agree that the court stated:
 {¶ 39} "We have long held that juvenile court proceedings are civil, rather than criminal, in nature. See Cope v. Campbell (1964),175 Ohio St. 475, 26 O.O.2d 88, 196 N.E.2d 457, paragraph one of the syllabus, overruled on other grounds in In re Agler (1969), 19 Ohio St.2d 70,48 O.O.2d 85, 249 N.E.2d 808. See, also, Agler at 74, 48 O.O.2d at 87,249 N.E.2d at 811. To understand why this is so, it is helpful to consider the history of the juvenile justice system."
 {¶ 40} However, the Supreme Court in such case also stated: "We recognize that there are criminal aspects to juvenile court proceedings", and cited, among other holdings, In Re Gault (1967),387 U.S. 1.
 {¶ 41} In Re Anderson, supra, is not really in point as to the issue presented in this case, however, as it was primarily concerned with the appropriate appeal time.
 {¶ 42} Appellant also cites State v. Prether (2001), 141 Ohio App.3d 6
for the proposition in that R.C. § 2901.08 was not applicable to the sexual offender classification. Such case is also not supportive of the argument presented in that the court stated:
 {¶ 43} "Previous adjudication of juvenile delinquency, which was based on sexually oriented offense, did not qualify as prior conviction for purposes of determining whether defendant was habitual sex offender; statute that permitted juvenile delinquency adjudications to be used in considering crime to be charged or sentence to be imposed was inapplicable, as classification as sexual offender was neither crime nor sentence. R.C. §§ 2901.08, 2950.01(B); § 2151.358(H) (2000)."
 {¶ 44} This Court in State v. Glover (1999), Licking App. Case No. 99CA30, a case involving a prior juvenile adjudication of a traffic offense enhancing his adult offense, stated:
 {¶ 45} "Prior to January 1, 1996, juvenile traffic offenders' adjudications were not classified as convictions and could not be used to enhance the penalty of a subsequent adult OMVI conviction, seeState v. Blogna (1990), 60 Ohio App.3d 141, 573 N.E.2d 1223. However, the Ohio General Assembly enacted R.C. 2901.08 effective January 1, 1996, changing the law with respect to the effect of juvenile adjudications on subsequent offenses. Pursuant to R.C. 2901.08, a prior juvenile adjudication is now considerated [SIC] a conviction for purposes of determining subsequent offenses, enhancements, or punishments."
 {¶ 46} The fact that Glover involved a prior juvenile adjudication being applied to an adult has no bearing as the essence of such case was that the Legislature redefined juvenile adjudications as convictions for purposes of enhancement of subsequent offenses.
 {¶ 47} We find that R.C. § 2901.08 by its specific language is clearly applicable to the present enhancement by the Juvenile Court and reject the First Assignment.
 II. {¶ 48} The Second Assignment concerns the assertion of ineffective counsel.
 {¶ 49} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373; State v. Combs, supra.
 {¶ 50} In determining whether counsel=s representation fell below an objective standard of reasonableness, judicial scrutiny of counsel=s performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel=s conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 51} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel=s ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel=s unprofessional errors, the result of the proceeding would have been different. Bradley, supra, at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
 {¶ 52} Essentially, Appellant argues that since the reasoning in support of the First Assignment was not sufficiently presented to the juvenile court that counsel was therefore inadequate and that Appellant's Constitutional right to effective counsel was denied.
 {¶ 53} We agree that juveniles as well as adults are afforded the right to competent legal assistance.
 {¶ 54} However, as we have rejected the legal reasoning of Appellant as to the First Assignment, the absence of such argument before the trial court has no relationship to the issue of competent counsel
 {¶ 55} The Second Assignment of Error is denied.
 {¶ 56} The judgment of the Stark County Court of Common Pleas, Juvenile
Division, is affirmed.
By: Boggins, J. Wise, J., concurs separately
Hoffman, P.J., dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.