{¶ 57} I concur with the majority opinion. I would add that the Ohio Supreme Court's decision in In re Russell (1984), 12 Ohio St.3d 304,466 N.E.2d 553, supports the majority's conclusion. In that case, the Court faced the question of whether a prior delinquency adjudication, predicated on a juvenile's earlier theft offense, would constitute a previous theft "conviction" so as to enhance the degree of the juvenile's subsequent theft offense for dispositional purposes under former R.C. 2151.355. Id. at 305. The Court answered that question in the affirmative, even though R.C. 2913.02(B) stated that a theft charge rose to a felony "* * * if the offender has previously beenconvicted of a theft offense * * *." Id, emphasis added.
 {¶ 58} I recognize that Russell pre-dates R.C. 2901.08. However, the Supreme Court of Ohio, through the Russell opinion, has indicated that the use of an adult term such as "conviction" does not foreclose the application of such statutes to juvenile court matters, at least as to enhancement of the juvenile charge for disposition.