OPINION
{¶ 1} M.A.L., a minor, appeals from the trial court's decision and entry finding him delinquent and committing him to the Ohio Department of Youth Services.
 {¶ 2} M. A.L. advances three assignments of error on appeal. First, he contends *Page 2 
the trial court erred in adjudicating him delinquent for an act of domestic violence that would constitute a third-degree felony if committed by an adult. Second, he claims the trial court erred in failing to consider community service instead of imposing financial sanctions. Third, he asserts an ineffective assistance of counsel claim based on his attorney's failure to raise the foregoing issues below.[1]
 {¶ 3} The record reflects that a domestic violence complaint was filed against M.A.L. for placing his hands around his sister's throat. (Doc. #1). The complaint included a "Penalty" notation that read "F3." Prior to trial, defense counsel stipulated that M.A.L. had two prior domestic violence adjudications. Following a bench trial, the trial court found "that the defendant is guilty beyond a reasonable doubt of domestic violence and this case being a felony of the third degree (sic)." (Trial transcript at 76). The trial court later conducted a dispositional hearing and committed M.A.L. to the Ohio Department of Youth Services for a minimum period of six months and a maximum of his twenty-first birthday. This timely appeal followed.
 {¶ 4} In his first assignment of error, M.A.L. contends the trial court erred in adjudicating him delinquent for committing an act of felony domestic violence based on his two prior domestic violence adjudications. This argument concerns the applicability in juvenile court of the felony-enhancement provision in Ohio's domestic violence statute, R.C. § 2919.25(D)(4). The enhancement provides that domestic violence is a third-degree felony "[i]f the offender previously has pleaded guilty to or been convicted *Page 3 
of two or more offenses of domestic violence[.]" Id. M.A.L. argues that the enhancement has no applicability to him because his prior domestic violence adjudications do not qualify as "convictions" under R.C. §2919.25(D)(4). Based on the premise that his prior domestic violence adjudications are not convictions, M.A.L. insists that the felony-enhancement language did not apply and that he should have been adjudicated delinquent for committing misdemeanor domestic violence.
 {¶ 5} In response, the State relies primarily on two statutes, R.C. § 2901.08(A) and R.C. § 2152.16(C), to argue that prior delinquency adjudications are convictions and that the trial court properly applied the felony-enhancement provision. The first statute, R.C. § 2901.08(A), provides:
 {¶ 6} "If a person is alleged to have committed an offense and if the person previously has been adjudicated a delinquent child * * * for a violation of a law or ordinance, the adjudication as a delinquent child * * * is a conviction for a violation of the law or ordinance for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person[.]"
 {¶ 7} The State contends the foregoing language authorized the trial court to treat M.A.L.'s prior adjudications as convictions for purposes of applying the felony-enhancement provision. Conversely, M.A.L. claims R.C. § 2901.08(A) applies to adults charged with crimes, not to juveniles facing delinquency complaints. According to M.A.L., the statute allows an adult's prior juvenile adjudications to be treated as convictions for purposes of determining the proper charge and sentence for an adult. M.A.L. insists that R.C. § 2901.08(A) has no applicability to alleged juvenile delinquents *Page 4 
who have prior adjudications.
 {¶ 8} After M.A.L. filed his opening brief, the Fifth District Court of Appeals decided In re Fogle, Stark App. No. 2006CA00131,2007-Ohio-553, and held that R.C. § 2901.08(A) applies to juveniles and adults. In the lead opinion, Judge Boggins determined that the statute allows a court to enhance a juvenile's current offense level by treating prior adjudications as convictions. Judge Hoffman filed a dissent in which he opined that R.C. § 2901.08(A) only allows prior juvenile adjudications to be considered when determining the proper charge for an adult. Based on the terminology in the statute, Judge Hoffman reasoned that it does not apply to juveniles who have prior delinquency adjudications.
 {¶ 9} Having reviewed the parties' respective arguments and the Fifth District's analysis, we are persuaded by Judge Hoffman's view that R.C. § 2901.08(A) has no applicability in juvenile court. As noted above, the statute provides that a prior "adjudication as a delinquent child * * * is a conviction * * * for purposes of determining the offense with which the person should be charged and, if the person is convicted of or pleads guilty to an offense, the sentence to be imposed upon the person[.]" Juveniles, however, are not charged with criminal "offenses," they are not "convicted," they are not "sentenced," and they do not plead "guilty." See, e.g., R.C. § 2152.02(F)(1) (defining a "delinquent child" as "[a]ny child * * * who violates any law of this state * * * that would be an offense if committed by an adult") (emphasis added);State ex rel. Peaks v. Allaman (1952), 66 Ohio Law Abs. 403 (holding that an alleged delinquent child is not charged with "an offense");State v. Weeks (1987), 37 Ohio App.3d 65 (observing that juveniles are not charged with or convicted of committing crimes); In re- *Page 5 Kirby, 101 Ohio St.3d 312, 315, 2004-Ohio-970 (recognizing that "juveniles are asked to admit or deny allegations; they are not asked to enter pleas of guilty or not guilty"); Roe v. Heap, Franklin App. No. 03AP-586, 2004-Ohio-2504, ]}39 (noting that juveniles receive dispositions rather than sentences).
 {¶ 10} Because R.C. § 2901.08(A) speaks in terms of a person being charged with an offense, being convicted, pleading guilty, and being sentenced, we believe the legislature intended it to apply to adult offenders who have prior juvenile delinquency adjudications rather than juveniles who have prior adjudications. Therefore, we are unpersuaded by the State's argument that R.C. § 2901.08(A) authorized the trial court to treat M.A.L.'s conduct as a third-degree felony during the adjudicatory hearing based on his prior domestic violence adjudications.
 {¶ 11} We note, however, that it is not necessarily important, in the context of the delinquency adjudication itself, whether the juvenile's conduct would be a felony or a misdemeanor if his acts were committed by an adult. The Revised Code defines a "delinquent child" to include "[a]ny child * * * who violates any law of this state * * * that would be an offense if committed by an adult." R.C. § 2152.02(F)(1) (emphasis added); see also R.C. § 2151.011(B)(12). "Therefore, it is not relevant to the finding of delinquency whether the actions of [a juvenile] would have constituted a felony or a misdemeanor if committed by an adult."In re Russell (1984), 12 Ohio St.3d 304. Because M.A.L.'s violation of "any law" allowed the trial court to adjudicate him delinquent, we find no prejudice resulting from the trial court designating his conduct a third-degree felony during the adjudicatory phase. Regardless of whether M.A.L.'s actions constituted felony or misdemeanor-level domestic violence, the trial court did not *Page 6 
err in adjudicating him delinquent.[2]
 {¶ 12} The Ohio Supreme Court recognized in Russell, however, that the offense level of a juvenile's conduct is relevant during the dispositional phase. Id. at 304. On this issue, the State directs us to R.C. § 2152.16(C), which provides:
 {¶ 13} "If a child is adjudicated a delinquent child, at the dispositional hearing and prior to making any disposition pursuant to this section, the court shall determine whether the delinquent child previously has been adjudicated a delinquent child for a violation of a law or ordinance. If the delinquent child previously has beenadjudicated a delinquent child for a violation of a law or ordinance,the court, for purposes of entering an order of disposition of thedelinquent child under this section, shall consider the previousdelinquent child adjudication as a conviction of a violation of the lawor ordinance in determining the degree of the offense the current actwould be had it been committed by an adult. * * *." (emphasis added).
 {¶ 14} The foregoing language allows a juvenile court, during the dispositional phase, to treat prior adjudications as convictions for purposes of determining the degree of offense the juvenile's current act would be if committed by an adult. In the present case, defense counsel stipulated well before the dispositional hearing that M.A.L. had two prior delinquency adjudications for domestic violence. Therefore, R.C. § 2152.16(C) authorized the trial court to treat those adjudications as convictions during the *Page 7 
dispositional phase for purposes of applying the domestic violence statute's felony-enhancement provision. The disposition transcript and M.A.L.'s commitment to the Ohio Department of Youth Services make clear that the trial court in fact did treat the prior adjudications as convictions and determined that his current conduct would constitute a third-degree felony if committed by an adult. Because R.C. § 2152.16(C) expressly authorized the trial court to make this determination, we find no error.
 {¶ 15} In short, the trial court properly adjudicated M.A.L. delinquent because he violated "any law," namely Ohio's domestic violence statute. Moreover, for dispositional purposes, R.C. §2152.16(C) authorized the trial court to treat the current incident as a third-degree felony if committed by an adult and to make an appropriate disposition. Under R.C. § 2152.16(A), a juvenile may be committed to the Department of Youth Services after being adjudicated delinquent for committing an act that would be a felony if committed by an adult. M.A.L. was adjudicated delinquent for domestic violence, and the trial court determined that his conduct would be a third-degree felony if committed by an adult. Therefore, M.A.L. properly was adjudicated delinquent for committing an act that would be a felony if committed by an adult, as required by R.C. § 2152.16(A).
 {¶ 16} Finally, we disagree with M.A.L.'s assertion thatRussell has no applicability because it involved a statute that has been revised and involved the use of a prior adjudication for dispositional rather than adjudicatory purposes.[3] In our view, theRussell court's analysis remains relevant to the issues before us. One of the statutes *Page 8 
discussed in Russell was then-existing R.C. § 2151.355(A)(4), which authorized commitment "[i]f the child was adjudicated delinquent by reason of having committed an act that would be a felony of the third or fourth degree if committed by an adult[.]" This statute is much like the current R.C. § 2152.16(A), which authorizes commitment if a juvenile is adjudicated delinquent for committing an act that would be a felony if committed by an adult. The Russell court held that a trial court could use a juvenile's prior adjudications to enhance the degree of the current offense for dispositional purposes, thereby satisfying the felony requirement of R.C. § 2151.355(A)(4). Likewise, we have concluded, based on R.C. § 2152.16(C), that the trial court could use M.A.L.'s prior adjudications to enhance the degree of his current offense for dispositional purposes, thereby satisfying the felony requirement of R.C. § 2152.16(A). Accordingly, we hold that the trial court's commitment order was proper and overrule M.A.L.'s first assignment of error.
 {¶ 17} In his second assignment of error, M.A.L. claims the trial court erred in failing to consider community service instead of imposing financial sanctions. His argument implicates R.C. § 2152.20(D), which provides: "If a child who is adjudicated a delinquent child is indigent, the court shall consider imposing a term of community service * * * in lieu of imposing a financial sanction[.]" M.A.L. contends the trial court violated the statute by imposing a $50 fine and costs, despite knowing that he was indigent and without considering community service as an alternative.
 {¶ 18} Upon review, we find no merit in M.A.L.'s argument. Under R.C. § 2152.20(D), the trial court was not required to make any particular findings regarding community service as an alternative to financial sanctions. The statute merely obligated *Page 9 
the trial court to "consider" the issue. Having reviewed a transcript of M.A.L.'s dispositional hearing, we note that it is silent regarding the trial court's consideration of community service in lieu of a $50 fine and court costs. But when a statute requires only that a trial court "shall consider" a factor or issue, a silent record raises a presumption that the trial court fulfilled its obligation. See, e.g., State v.Adams (1988), 37 Ohio St.3d 295, 297; State v. Cyrus (1992),63 Ohio St.3d 164, 166; State v. Love (Aug. 14, 1998), Clark App. No. 97-CA-0043; State v. Orleck, Montgomery App. No. 18745, 2001-Ohio-1929. Nothing in the record before us indicates that the trial court did not consider community service in lieu of the modest financial sanctions it imposed. Accordingly, we will apply a presumption of regularity and overrule M.A.L.'s second assignment of error.
 {¶ 19} In his third assignment of error, M.A.L. asserts an ineffective assistance of counsel claim based on his attorney's failure to raise the foregoing issues at trial. Because we have found no merit in M.A.L.'s first two assignments of error, however, it follows that his attorney did not provide constitutionally ineffective assistance under i (1984),466 U.S. 668, by failing to raise those issues below. M.A.L.'s third assignment of error is overruled.
 {¶ 20} The judgment of the Miami County Common Pleas Court, Juvenile Division, is hereby affirmed.
FAIN and VALEN, JJ., concur.
(Hon. Anthony Valen, retired from the 12th Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio)
[1] Because M.A.L.'s third assignment of error contains an ineffective assistance of counsel argument based on his trial attorney's failure to raise the issues addressed in his first two assignments of error, it is necessary for us to address the merits of each assignment of error despite the fact that they were not addressed below.
[2] As we will explain more fully, infra, the trial court was entitled to determine, during the subsequent dispositional hearing, that M.A.L.'s conduct constituted a third-degree felony if committed by an adult and to commit him to the Department of Youth Services based on that determination. Therefore, the fact that the trial court perhaps assessed the offense level of M.A.L.'s conduct prematurely during the adjudicatory phase, based on a stipulation that he had two prior adjudications, could not have prejudiced him.
[3] M.A.L. notes that the particular felony-enhancement language in the theft statute at issue in Russell no longer exists. Despite this change, the Ohio Supreme Court's analysis remains relevant to our consideration of the felony-enhancement language that does exist in the domestic violence statute at issue here. *Page 1